McCullough *v.* McCullough..

WILLIAM McCULLOUGH'S EXECUTORS

*v.*

WILLIAM McCULLOUGH AND OTHERS.

1. Where a testator, by his will, bequeaths to his executors several sums of money in trust for different *cestuis que trustent*, each trust fund must be kept distinct from the others, so that every step in its management may be distinctly traceable in the accounts of the trustees and in the investments they make.

2. Where trustees are to account in this state, ordinarily, they should not invest the trust funds out of it.

3. Where the trustees reside in Minnesota, but were appointed in this State, and are required to account here, and the *cestuis que trustent* reside respectively in this state and in states distant from Minnesota, the trust funds must be invested in New Jersey.

---

On bill for instructions to trustees.

*Mr. Edward M. Colie*, for the complainants.

THE CHANCELLOR.

By their bill the complainants represent that William McCullough died at Orange, in this state, the place of his domicile, on

NOTE.—Ordinarily, the court will not direct or approve an investment of trust funds out of the jurisdiction, where the trustee has a discretion, or the will is silent, as to the place of investing the funds, *Stuart* v. *Stuart, 3 Beav. 430 ; Miles's Will, 27 Beav. 579 ; Simson's Trusts, 1 Johns. & Hem. 89 ; Bethell* v. *Abraham, L. R. (17 Eq.) 24 ; Rush's Estate, 12 Pa. St. 375, 378, Gibson, C. J.;* but see *Brown* v. *Brown, L. R. (29 Ch. Div.) 889 ; Gray* v. *Lynch, 8 Gill 403 ; Amory* v. *Green, 13 Allen 413 ; Brown* v. *French, 125 Mass. 410 ; Hogan* v. *De Peyster, 20 Barb. 100 ; Coltrane* v. *Worrell, 30 Gratt. 434 ; Lamar* v. *Micou, 112 U. S. 452.*

Unless such investment is allowed by statute, *Pawlet ex parte, 1 Phil. 570 ; Brackenbury's Trusts, 31 L. T. (N. S.) 79 ;* see *Kirkpatrick's Trust, 15 Jur. 941 ; Ex parte French, 7 Sim. 510 ; Norris* v. *Wright, 14 Beav. 291.* Such statute is not retrospective, *Miles's Will, 27 Beav. 579.*

If the foreign investment was made by the decedent, his executors are not personally liable for loss incurred by continuing it, unless negligence be shown, *Buxton* v. *Buxton, 1 Myl. & Cr. 80 ;* see *Prendergast* v. *Lushington, 5 Hare*

July 17th, 1878, leaving a will which bears date on December 10th, 1877, and a codicil to it which is dated January 26th, 1878.

By these instruments he placed in trust, in the hands of the complainants, who are the executors of the will and codicil, several large sums of money as follows :

The sum of $3,000, the interest of which is to be paid to the testator's widow for her life, and the principal, at her death, to a grandson of the testator, or, if he shall then have died without issue, to others, who are named ; three sums of $5,000 each, upon which interest is to be accumulated, for the ultimate benefit of three grandchildren of the testator; the sum of $10,000, the interest, and, if necessary, the principal, of which is to be paid to the testator's son, William, as his and family's needs may require; the sum of $20,000, the interest of which is to be accumulated and paid, with the principal, to a grandson of the testator when he shall become thirty years of age, unless before then his necessities may require that he shall be paid some part of the interest.

When the will and codicil were made, and at the time of the testator's death, the funds from which these moneys were directed

171; *Mortimore* v. *Mortimore, 4 De G. & J. 476 ; Robinson* v. *Robinson, 1 De G., M. & G. 247 ; Edwards* v. *Edmunds, 34 L. T. (N. S.) 522 ; Sculthorpe* v. *Tipper, L. R. (13 Eq.) 232.*

So, where decedent, a resident of Virginia, held a deed of trust on lands in Mississippi to secure a debt, and, after his decease, one of his executors bought in the premises thereunder, he was decreed to hold the land as an asset of the estate, and not personally liable to account for its value, *Powell* v. *Stratton, 11 Gratt. 792* ; and so as to lands in New Jersey bought in at a foreclosure sale by the testator, a resident of New York, who held a mortgage thereon, but who died before the sale was consummated, and the executors completed the sale by paying the purchase-money and taking the title, and, after three years' effort, sold the premises at a loss, *Denton* v. *Sanford, 39 Hun 487, 103 N. Y. 607.*

In *Williams* v. *Williams, 79 N. C. 417,* an administrator appointed in North Carolina was held liable there for the loss of a debt sustained through his failure to take out letters in an adjoining county in Virginia, where the debtor resided.   See *Bowman* v. *Carr, 5 Lea 571 ; Schouler's Exrs. § 175.*

If the will allows foreign investments, the court will sanction them if prudent, *Cadett* v. *Earle, L. R. (5 Ch. Div.) 710 ; Lewis* v. *Nobbs, L R. (8 Ch.*

McCullough v. McCullough.

to be taken were invested upon mortgages on lands in the state·
of Minnesota.

After the testator's death the Minnesota investments were con-
tinued by the executors until from time to time they were paid in.

As mortgages were thus paid off, the trustees re-invested the
moneys received in other mortgages on lands in Minnesota, and
hitherto have kept them thus invested.  The mortgages they
have taken are very numerous and, in the main, are taken to
secure small sums.  No attempt has been made to separate the
trust funds from each other or from the body of the estate, and
to keep the·investments of the several funds distinct.  The
mortgages referred to bear various rates of interest, ranging
from seven to twelve per centum per annum, and the executors,
to determine what interest each fund is entitled to, have appor-
tioned the aggregate interest received, among the various funds
in the proportions that those funds severally bear to the whole·
principal invested.

The trustees are both residents of Minnesota, and enjoy
facilities for making and managing investments in that state.

*Div.) 591; Re Mansel, 45 L. T. (N. S.) 741; Knowles's Settlement, 18 L. T.
(N. S.) 809 ; see Knott v. Cottee, 16 Beav. 77 ; Burnie v. Getting, 2 Colly. 324 ;·
Langdale's Trusts, L. R. (10 Eq.) 39 ; and if it orders them, the court cannot
authorize an investment here, Burrill v. Sheil, 2 Barb. 457 ; see Fidelity Co.
v. United Cos., 9 Stew. Eq. 407, note ; but it will not direct such foreign invest-
ment if the will be invalid by the law of the testator's domicile, Wood v.
Wood, 5 Paige 596.*

In *Graveley v. Graveley, 20 S. C. 93,* an executrix, resident in England, of a
British testator, who died there in 1865, proved the will in England in 1865,
and in South Carolina in 1872.  By the will, executed in 1862, a legacy of
$2,000 was given to plaintiff, a resident of South Carolina, to be paid to him,
with the accumulations of interest, when he attained the age of twenty-one
years, which occurred in September, 1879.  The executrix, in February, 1873,
invested in England, in three per cent. consols, a sum of English money which
she alleges was equivalent to $2,000 in American currency in March, 1866,
and tendered plaintiff about $2,500 as his legacy, which included the interest
from March, 1866, to September, 1879, at four per cent., which plaintiff de-
clined.—*Held,* that he could question here the amount of the legacy due' him,
as claimed by the executrix, as well as her right to invest it in England, and in·
the securities she had bought.  See *Van Gieson v. Banta, 13 Stew. Eq. 14,*
*note.*—REP.

They now ask to be instructed :

First, whether the several trust funds must be kept separately invested, and

Second, whether the investments may be upon mortgages on lands in Minnesota.

It appears by the statement of counsel that one of the *cestuis que trustent* resides in this state, and that all of them reside in states distant from Minnesota.

The first inquiry must, without hesitation, be answered in the affirmative.    Each fund is a distinct trust for the benefit of distinct *cestuis que trustent.*

It must be kept separate from all other funds, so that every step in its management may be distinctly traceable in the accounts of the trustees and in the investments they make.    The trust must not, through investment, be complicated with the rights of strangers, or required to share in the losses of other funds.    *1 Perry on Trusts § 463 ; Fowler* v. *Colt, 10 C. E. Gr. 202 ; S. C., 12 C. E. Gr. 492.*

I am satisfied that the second question should be answered in the negative. ·

The courts of a state, within which a trustee must account, should hesitate to sanction an investment upon the security of lands that are not within their own jurisdiction, not merely because, in such case, they will be left without the proper facilities to obtain accurate and satisfactory information concerning the investment, but also because they will lose direct control of the fund itself.

Where the trustee is without the jurisdiction, it becomes more important that the fund should be within it, for otherwise the courts may find themselves stripped, not only of power to properly investigate the condition of the trust, but also of power to enforce their decrees.

Again, both the trustee and the *cestui que trust* are interested in the proper investment of the trust fund, the one because of the duty and responsibility which rest upon him and the confidence that is reposed in him, and the other because of the beneficial value that proper security is to him.

McCullough *v.* McCullough.

In subserving these respective interests it is incumbent upon both the trustee and the *cestui que trust* to constantly watch the investment of the trust fund and be on the alert to protect it from harm.

To afford opportunity for this watchful care the funds should be invested within the convenient reach of both of these parties.

Judge Finch, of the New York court of appeals, in the case of *Ormiston* v. *Olcott, 84 N. Y. 339,* in commenting upon the mischief of permitting a trustee to invest trust funds in another state, says : " It would be unjust to the beneficiaries to compel them to accept such investments, and tend to increase the risk of ultimate loss. The proper and prudent knowledge of values would become more difficult and uncertain ; watchfulness and personal care would in the main be replaced by confidence in distant agents, and legal remedies would have to be sought under the disadvantage of distance and before different and unfamiliar tribunals."

In the case under consideration the trustees reside and have the trust funds in a state distant from the state of the courts to which they must account, and distant from the residences of their *cestuis que trustent.* The continuance of such a condition of affairs must be condemned. If it remains, the happening of circumstances may readily be imagined that may not only put the beneficiaries of the trust to great annoyance, disadvantage and expense, but also render our courts powerless to do them material service. I cannot overlook the fact that among the numerous and small mortgages that are held by these trustees some may fail, and thereupon questions may arise whether the investments in them were made with requisite care and prudence, and necessitate inquiry into values and other particulars in the locality of the lands mortgaged, in which inquiry the trustees would have the manifest advantage, in a contest with their distant *cestuis que trustent,* of being able to produce evidence from familiar surroundings, at little expense, while their opponents would be obliged to seek for evidence among strangers, in a strange community, and possibly at an expense not at all commensurate with the injury for which they may desire redress. I

do not think that the high rates of interest that are obtainable in Minnesota, or the convenience of the trustees, should influence me to disregard the dangers to which the beneficiaries may be subjected.   The fact that the testator made such investments will not justify the trustees in continuing them.   His position, as owner of the funds in his own right, was vastly different from the position of confidence and responsibility which the trustees occupy.   The will gives no express authority for the investments as they are made, and I fail to find such authority, in it, by necessary or reasonable implication.

The trust funds should be brought within this State, and invested here in securities approved by this court.