Albert *v.* Clarendon Land Investment and Agency Co.

## JOHN H. ALBERT

### *v.*

### .CLARENDON LAND INVESTMENT AND AGENCY COMPANY.*

1. The proceeding against a corporation, whether domestic or foreign, under sections 70 and 72 of the Corporation act (*Rev. p. 189*), is a proceeding *in rem* of a summary character, a receiver may be appointed with or without notice, and the corporation cannot, on motion, raise the question whether the court can acquire jurisdiction by publication and notice to make a decree of insolvency.

* NOTE.—This. decision was rendered in 1891 and was not printed in its regular place, as no copy of it was furnished the Reporter.—REP.

Albert *v.* Clarendon Land Investment and Agency Co.

2. A motion to dismiss the bill for want of equity is equivalent to filing a demurrer and amounts to such an appearance as confers jurisdiction.

3. It is not necessary that a bill to appoint a receiver of a foreign corporation should allege that the defendant is doing business in this state at the time of the filing of the bill. It is enough if it is made to appear that the corporation has done business here and has property here at the time of the filing of the bill, even though the business has been entirely suspended.

On motion to dismiss bill.

A bill was filed against a foreign corporation by a stockholder thereof residing in New Jersey, asking that the corporation be declared insolvent and that a receiver be appointed. The bill alleges that the company was organized in England with a capital stock of £500,000, and " that the company has carried on its business in different parts of the United States, including the State of New Jersey, and now has goods and chattels, choses in action and other property in or near Hackettstown, in this state, and that it has become insolvent and largely indebted beyond its ability to pay and has recently suspended its business," and has defaulted in the payment of certain debentures ; that certain judgments have been recovered against it in New York and it is hopelessly insolvent, and that its business cannot be carried on so as to pay its debts or yield a profit to its stockholders.

There was an affidavit verifying the bill on information and belief and stating that the facts set out were not denied, but were admitted by Alfred Sully, the general agent of the company in the United States, and there was another affidavit reciting the judgments recovered in New York.

On filing the bill and affidavit, a receiver was appointed without notice and an order of publication was made directing the corporation to appear and answer. Before the time for answering had expired, a motion was made to dismiss the bill for want of equity, on the ground that it did not appear that the company was doing business in this state, and that it was not alleged with any certainty that it had such assets in the state as to warrant the court in assuming jurisdiction over it.

Albert *v.* Clarendon Land Investment and Agency Co.

*Mr. Anthony Q. Keasbey*, for the motion.

*Mr. John W. Taylor*, *contra.*

VAN FLEET, V. C.

The proceeding against an insolvent corporation, whether domestic or foreign, authorized by sections 70 and 72 of the Corporation act (*Rev. p. 189*), is a proceeding *in rem.* It may be commenced by bill or petition, and a receiver may be appointed with or without notice to the corporation, as the chancellor shall decide the exigencies of the case require. And if he orders notice to be given, he may direct that it shall be given either by service or by publication. The proceeding is summary in its character and strictly *in rem.* Its main object is to put the property of the corporation in the custody of the law, so that its proceeds may be applied in due course of administration to the payment of the debts of the corporation. The order appointing the receiver in this case is unquestionably valid, and I think it is equally indisputable that the receiver has, by force of it, full power to sell and transfer all the property of the defendant corporation in this state.

The defendant is not in a position where it can raise the question whether this court can require jurisdiction over a foreign corporation, by a notice pursuant to an order of publication, so as to pronounce a valid decree adjudging it to be insolvent and thereafter proceed to make distribution of its assets. The defendant has made a motion to dismiss the bill for want of equity under a notice given pursuant to paragraph 224 of the rules. This notice is, in all its essential qualities, under our practice, a demurrer. No one, I suppose, will pretend that if the defendant had filed a demurrer, that such act on its part would not have constituted an appearance to the suit for all purposes, and precluded it from denying that it was in court. And yet it has done that which, in all its legal consequences, is equivalent to the filing of a demurrer. The defendant must be held to have appeared to the suit and consequently to be now as completely subject to the jurisdiction of the court as if a formal appearance had been entered by it.

**40**

The defendant moves to dismiss the bill because it does not allege that the defendant was doing business in this state at the time the bill was filed. The defendant is a foreign corporation. Our statute concerning corporations declares that foreign corporations doing business in this state shall be subject to its provisions so far as the same can be applied to them. *Rev. p. 196 § 103.* The bill alleges that the defendant " has carried on its business in different parts of the United States, including the State of New Jersey, and now has goods and chattels, choses in action and other property in this state, and that it has become insolvent and largely indebted beyond its ability to pay, and has recently suspended its business." The meaning of that section of the statute which I have quoted seems to me to be clear. It was enacted to give this court the same jurisdiction over foreign corporations doing business in this state, when they become insolvent and have property here, that it exercises over insolvent domestic corporations, so far, at least, as should be necessary for the sequestration of their property here, and converting the same into money. To authorize this court to appoint a receiver of an insolvent foreign corporation, it is not necessary that the corporation should be engaged in carrying on its business in this state on the very day when the bill or petition is filed, but this court may take jurisdiction in any case where it is made to appear that the corporation has done business here, and still has property here, although at the time when the bill or petition was filed, its business here is entirely suspended. The obvious design of the statute is to give the creditors of any foreign corporation which, having done business in this state, becomes insolvent and has property here which should be administered for the benefit of its creditors, the same remedy against the corporation, in respect to its property here, that it gives to the creditors of an insolvent domestic corporation. Any other construction would, as it seems to me, defeat the main object of the statute and render it worthless. Under this construction there can be no doubt that the bill in this case is sufficient.

The motion to dismiss is denied, with costs.