The bill in this cause is filed for the specific performance of a contract for the sale of land. The matter is submitted on the pleadings and an agreed state of facts. The agreement which is sought to be enforced is between the complainants, executors and trustees of the will of Michael Murphy, who died a resident of, and domiciled in, Montgomery *Page 239 
county, Pennsylvania, on March 10th, 1917, as vendors, and the defendant as vendee. This will was duly probated in that county. The agreed state of facts shows tender of performance by complainants and refusal by defendant, such refusal being based upon the contention that the complainants, as executors and trustees under said will, do not hold legal title to the lands in question, and that they cannot, therefore, convey good title to the defendants; and this proposition is based upon the further contention that the residuary clause of said will is void because violative of the rule against perpetuities, and that, therefore, the title to the land, the subject of this contract, and which is a part of the residuary estate, is in the heirs-at-law of the testator, and that they only can make a valid conveyance.
The clause of the will, the validity of which is attacked, is the twenty-third clause, which reads, in part, as follows:
"XXIII. All the rest, residue and remainder of my estate, real, personal and mixed, of whatever kind and wheresoever situate, I give, devise and bequeath to my executors and trustees hereinafter named, in trust nevertheless to invest and reinvest the same and to use the net income therefrom for the following uses and purposes:
"I direct that the sum of twenty-five hundred dollars [$2,500] per annum shall be paid to, or for the support and maintenance of, my son, Matthew F. Murphy, so long as he lives, in such amounts and at such times, and in such manner, as my executors and trustees shall deem best.
"After the payment of the bequest of income to or for my son Matthew F. Murphy, as above recited, I direct that the remainder of the net income from said trust estate shall be divided by my executors and trustees at such times and in such manner as may be most convenient and practicable for the proper management of said trust estate, as follows:
 * * * * * * * *
"To my son John A. Murphy, one-sixth [1/6] of said net income for and during the term of his natural life, and on his death I direct that his share of said income shall be divided share and share alike among his children, or the child or children of any deceased child or children, such child or children of my said deceased child or children of my said son to take his, her or their parent's share.
 * * * * * * * *
"I hereby direct that after the death of my wife and all my children, and after the arrival of my youngest grandchild — that is *Page 240 
to say, the youngest child of any of my children now living, whether or not said grandchild was living at the time of my death — at the age of thirty [30] years, the principal of said trust estate shall be divided among said grandchildren per capita and not per stirpes."
The following stipulation also appears in the agreed state of facts:
"That in the State of Pennsylvania a decree was entered in the proper court declaring that the clause in the said will of said Michael Murphy, deceased, attempting to dispose of the residue of his said estate, was against the rule of perpetuities, and was declared null and void, and that the said Michael Murphy, as to the residue of his estate, died intestate."
If the question as to the authority of the complainants to convey were dependent upon the validity of the residuary clause in this will, I should be obliged to hold that the complainants were without power to convey, because this clause has, according to the agreed state of facts, been already declared null and void. The law which determines the validity or invalidity of a trust is the law of the testator's domicile at the time of his death. Hewitt v. Green, 77 N.J. Eq. 345, 362.
The twenty-third clause of the will is also, in part, violative of the rule against perpetuities in this state. Graves v.Graves, 94 N.J. Eq. 268. It is not void in toto, as in the second paragraph of that clause provision is made for the payment of $2,500 per annum to Matthew F. Murphy, son of the testator, during his lifetime. It is conceded by counsel on both sides that this portion of the twenty-third clause is valid and is not affected by the invalidity of the subsequent paragraphs of that clause; and, indeed, that seems to have been the decision of the Pennsylvania court. It would, therefore, appear that the legal title to the lands in question is in the trustees, subject to the trusts, which are valid, and for all lawful purposes. CamdenSafe Deposit and Trust Co. v. Guerin, 87 N.J. Eq. 72.
Even if the entire trust fails, the legal title is still in the trustees, who hold for the heirs-at-law and next of kin of *Page 241 
the testator. Smith v. Smith, 54 N.J. Eq. 1; Condit v.Reynolds, 66 N.J. Law 242.
But, in my judgment, the issue here presented is not to be decided according to the validity or invalidity of the residuary clause of the will. The twenty-fourth clause of said will, in part, reads as follows:
"I authorize my executors and trustees hereafter named to sell or mortgage any real estate of which I may die siezed without liability on the part of the purchaser or purchasers, mortgagee or mortgagees, to see to the application of the purchase or mortgage money."
By the twenty-fifth clause the complainants are appointed as executors and trustees.
The twenty-fourth and twenty-fifth clauses are entirely separate and distinct from the twenty-third clause, and the invalidity of the twenty-third clause will not affect the validity of the twenty-fourth clause, which contains the power of sale, or the twenty-fifth clause, which appoints the executors and trustees. McGill v. Trust Co., 94 N.J. Eq. 657; FoulkesPerp. §§ 375, 463; Gray Perp. (3d ed.) §§ 249(e),449(g); 21 R.C.L. § 57; Westfield Trust Co. v. Beekman,99 N.J. Eq. 298.
There is, therefore, no doubt in my mind but that under the twenty-fourth clause of this will the executors and trustees were given complete authority to sell and convey the premises in question.
However, an interesting question, not adverted to in the briefs of counsel on either side, arises as to whether or not this power of sale has expired by limitation, either express or implied.
Obviously, there is no express limitation; nor would the fact that title to this land descended to the heirs-at-law, because of the invalidity of the twenty-third clause of the will, operate as an implied limitation on the power of sale. Foley v. Devine,95 N.J. Eq. 473. In that case Vice-Chancellor Buchanan said:
"I take it as undoubtedly the law, therefore, that a power of sale, in trust, without limitation by express words as to *Page 242 
the time of its exercise, is in all cases deemed to be limited in that regard by the objects and purposes in aid of which it was given; it is to be deemed that testator intends it to exist no longer than there remains unfulfilled any object or purpose for the furtherance of which it was created.
"On the other hand, it is, of course, equally true that where it is apparent that there remains undone something which the testator intended the trustee should or might do, and in aid of which he intended the power of sale should or might be exercised, the power is still alive and may be validly exercised, except in those cases where the only person or persons intended to be benefited by such exercise elect the contrary."
It would appear that an executor's or trustee's unlimited power of sale is not terminated so long as the duties of the executor or trustee, in aid of which the power was given, remain unperformed or uncompleted, and that the title of the heir is subject to divestment by the exercise of the power of sale.Morse v. Hackensack Savings Bank, 47 N.J. Eq. 279.
An inspection of the will of Michael Murphy discloses a direction for the payment of debts and funeral expenses, and there are no less than ten separate and distinct trusts established by the will, the validity of which is not in any way questioned. There is nothing in the agreed state of facts indicating that the purposes of the will in aid of which the power of sale was given have been accomplished, and it appears that the executors and trustees are still actively engaged in administering the trusts and performing the duties devolving upon them under the will. It would appear beyond question, therefore, that this power of sale still exists.
I, therefore, find that the complainants have complete right and authority to convey, and I will advise a decree accordingly. *Page 243