"1. Livingston Rice, late of Swainton, near Cape May Court House, Cape May county, New Jersey, died on December 18th, 1923, leaving a last will and testament dated October 11th, 1923, and a codicil thereto dated November 20th, 1923, which were on December 29th, 1923, duly admitted *Page 521 
to probate by the surrogate of the county of Cape May, and letters thereon issued to complainant herein, the executor therein named, which has taken upon itself the burden of administering the said estate.
"2. In and by his said will the said Livingston Rice provided as follows:
"`Fifth. At the death of my said wife, Frances M. Rice, or upon her remarriage it is my wish and I do give, devise and bequeath my farm at Swainton to The First National Bank of Ocean City, New Jersey, its successors and assigns in trust nevertheless, said farm to be and to make up a part of the trust hereinafter set forth.
"`Sixth. I give, devise and bequeath to The First National Bank of Ocean City, New Jersey, its successors and assigns the sum of five hundred [$500] dollars in trust nevertheless to invest, reinvest and keep invested the said amount of five hundred [$500] dollars in any good, sound and profit paying investment or securities and to collect the income thereon and to pay said income to the trustees of the Asbury Methodist Episcopal Church or Asbury Meeting House, whichever its proper name may be, to be used by said trustees in the maintenance and upkeep of my vault or burial plot.
"`If there should be a surplus over the amount required to keep my plot or vault in a proper condition then such surplus may be used toward the general upkeep of the cemetery.
"`I direct and order the said First National Bank of Ocean City, New Jersey, to pay this income semi-annually to the trustees of the said church or meeting house.
"`Seventh. I give, devise and bequeath all the rest, residue and remainder of my estate whether real, personal or mixed and wheresoever situate whereof I may die siezed or possessed, to The First National Bank of Ocean City, New Jersey, its successors and assigns, in trust nevertheless to invest the same and to keep it invested in good, safe and profit-bearing investments and securities and to collect said income, and pay said income to my wife, Frances M. Rice, during the period of her natural life or until her remarriage.
"`Eighth. Upon the death of my wife, Frances M. Rice, or upon her remarriage, I direct The First National Bank of Ocean City, New Jersey, trustee as aforesaid, to pay the proceeds of said trust to my brother Charles Rice for and during his natural life.
"`Ninth. It is my wish and I do order the said First National Bank of Ocean City, New Jersey, trustee named as aforesaid, upon the death of my brother Charles Rice, to pay the proceeds of the trust as created hereinbefore, in equal shares to the three children of my said brother Charles Rice and to my brother Aaron's son, Paul.
"`Tenth. It is my desire and I do hereby order and direct that this trust as hereinbefore created be a permanent one with the said trustee, The First National Bank of Ocean City, New Jersey, its successors and assigns, paying the proceeds of said trust to the descendants of the said three children of my brother Charles and of *Page 522 
Paul, son of Aaron Rice, and to thus continue the payment of the said proceeds to descendants of succeeding generations.
"`Eleventh. It is my wish and I do hereby order and direct my trustee, the said First National Bank of Ocean City, New Jersey, its successors and assigns, to always pay the proceeds of the trust hereinbefore created, monthly.
"`Twelfth. It is my wish and I do hereby order and direct that if any of the mortgages that are held by my brother Charles Rice and myself are paid, my share of said mortgages is to be paid to The First National Bank of Ocean City, New Jersey, its successors and assigns, to be placed in and become a part of the said trust hereinbefore set forth and created.
"`Thirteenth. I nominate, constitute and appoint The First National Bank of Ocean City, New Jersey, executor of this my last will and testament, and power and authority is hereby given to my said executor and trustee to sell any of my real estate that is not a paying proposition and thus a liability to the trust hereinbefore created.
"`And I do further give power and authority to my said executor and trustee to dispose of and sell any of my property which they, in their discretion, deem advisable and proper; and also to have the power to invest and reinvest such funds as are obtained from such sales in any good, safe, paying investment or security. Such investments are to be made and added to the trust as hereinbefore created.'
"3. In and by the said codicil to his said will said Livingston Rice provided as follows:
"`First. It is my wish and I do order and direct that the proceeds of the trust as created in and by my aforesaid will be paid, upon the death of my said brother Charles Rice, to his wife, May T. Rice, as long as she remains his widow.
"`Second. Then upon the death or remarriage of my brother's wife, May T. Rice, it is my wish and I do order that the proceeds of the trust as created in and by my aforesaid will be paid in equal shares to the three children of my said brother Charles Rice and to my brother Aaron's son, Paul.'"
Complainant files its bill, praying for a construction of said last will and codicil. Frances M. Rice, his widow, files answer admitting all allegations, and prays for a declaration of her rights thereunder.
The sixth clause is sustained. The provisions of "An act permitting the holding in perpetuity of trust funds where the income is to be used for the care of cemetery or burial lots and the erections therein," being chapter 284 of the laws of 1920, page 510. Cum. Supp. Comp. Stat. p. 252. *Page 523 
The seventh, eighth and ninth clauses are not of themselves invalid.
Clause ten is without doubt an attempt to create a perpetuity and is void.
Where a trust is for the purpose of supporting several independent gifts, whether concurent or consecutive, unless it is impossible so to do, the several gifts are to be separated and those preserved which do not violate the rule. McGill v. TrustCompany of New Jersey, 94 N.J. Eq. 657; Hewitt v. Green,77 N.J. Eq. 345.
There can be no doubt that clause thirteen gives the executor power to dispose of and sell any property which they, in their discretion, deem advisable and proper, and the invalidity of clause ten will not affect the validity of clause thirteen, which appoints the executor and contains the power of sale. Murphy v.Morrisey Walker, Inc., 99 N.J. Eq. 238.
A decree will be advised in accordance with these views.