The reasons urged by the solicitors of the defendant todismiss the writ of sequestration are that the complainant and defendant are non-residents of the State of New Jersey, and that the agreement alleged in the bill is said to have been entered into in the State of New York, relating to property located in the State of Rhode Island. The reason urged by said solicitors todismiss the bill of complaint is that it does not set forth the residence of the complainant.
The sheriff of the county of Hudson, by virtue of the writ of sequestration issued in the above-stated cause, under the authority of P.L. 1919 p. 444, which is a supplement to the Chancery act (Revision of 1902), levied upon certain goods and chattels said to be the property of the defendant.
Section 8 of the aforesaid act provides that a defendant may obtain the release of the property seized under the writ *Page 109 
by appearing generally in the cause and giving bond as therein prescribed, or without bond if the court so order, or by appearing specially and giving bond as in such case prescribed.
The defendant obtained a release of the property seized by giving a bond which recites that it entered its appearance at the suit of the plaintiff (complainant), and wherein it obligates itself to "perform the judgment of the aforementioned court in said action, or that the said property sequestered or its value shall be forthcoming and subject to the order of the court for the satisfaction of said judgment."
Section 15 of the aforesaid act provides:
"This act is remedial and is to be liberally construed. Its purpose is to subject the property of non-residents to the satisfaction of claims cognizable in a court of equity in analogy to attachment proceedings at law. Errors of form or substance which do no substantial damage are not to vitiate the proceedings, and the court may, at any stage of the proceedings, permit amendments of the pleadings, affidavits and process, or the submission of additional affidavits. Motion to quash the writ may be made under special appearance * * *."
Under the authority of said section, the failure of the complainant to set forth his residence in the bill of complaint may be remedied by an amendment of the bill.
Inasmuch as the defendant's aforesaid bond recites the entry of its appearance at the suit of the complainant (therein mentioned as plaintiff), the fact that a formal appearance was not filed in the cause (if such be the fact) cannot avail the defendant, and, though the maxim that equity regards that as done which ought to be done is applicable to the defendant, under the facts disclosed, and complainant's action affects property the situs
of which is within the state, this court, by virtue of the aforesaid act, and the giving of bond containing the recital aforesaid, acquires jurisdiction against the defendant for all purposes. Since the promulgation of chancery rule 64a it is very seldom that a formal written appearance is filed by a defendant; none such is necessary to be filed by an answering defendant.
The writ of sequestration stands as a summons. It accomplished the purpose of not only enabling the complainant *Page 110 
to acquire jurisdiction against the defendant to the extent that a decree in the action may operate against the property seized, but also, by bringing the defendant into court through its appearance entered at the suit of the complainant, as manifested by the recital thereof in the bond aforesaid. Hisor v.Vandiver, 82 N.J. Law 303, 305; Cord v. Newlin,71 N.J. Law 438; Laurie v. Singer, 100 N.J. Law 98 (at p. 102);Sullivan v. Moffat, 68 N.J. Law 211, 212.
After the defendant has entered a general appearance the process by which he was summoned has fulfilled its function in that respect and becomes unimportant. Cord v. Newlin, supra.
Where, as in the case sub judice, the defendant gives a bond which effects the releases of the property seized, and therein states the entry of an appearance at the suit of the complainant, and obligates itself to perform the judgment of the court in the action or that the property sequestered or its value shall be forthcoming and subject to the order of the court for the satisfaction of said judgment, it is not necessary for the defendant, under present practice, to file a formal appearance, and its motion to dismiss the writ and thus end the suit, will be denied. As hereinabove indicated, the purpose of P.L. 1919 p.444, is to subject the property of non-residents to the satisfaction of claims cognizable in a court of equity in analogy to attachment proceedings at law. In Laurie v. Singer, supra
(at p. 102), it is said: "It has been repeatedly held in the supreme court that, after bond given and appearance entered in attachment, the writ will not be quashed * * *."
Where a general appearance is entered for a defendant in a suit initiated by writ of sequestration under P.L. 1919 p. 444, the suit, after such appearance, proceeds in personam, remaining a proceeding in rem as to the property seized under the writ, and a motion to dismiss (quash) the writ and thus end the suit will be denied. Connolly v. Lerche, 56 N.J. Law 95; Watson v.Noblett, 65 N.J. Law 506.
The sequestration suit is transformed into a suit commenced by subpoena by the defendant giving a bond for the *Page 111 
release of the property seized under the writ, and its statement therein that it entered its appearance at the suit of the plaintiff (complainant), and its obligation to perform the judgment of the court in said suit, or that the property sequestered, or its value, shall be forthcoming and subject to the order of the court for the satisfaction of said judgment. SeeBenjamin Cary v. The Baldwin Lamkin Manufacturing Co., 22N.J.L.J. 184.
No distinction can be made in the construction of P.L. 1919 p.444, between a claim that arose within the state and one that arose out of the state; nor is the fact that the property to which the agreement upon which the claim is based relates is located in the State of Rhode Island of any consequence in this case. The act authorizes the issue of the writ of sequestration, and the seizure of property thereunder, without limitation or qualification, in any proceeding commenced in this court wherein a money decree is prayed against a defendant, when it appears, by affidavit, that the defendant is a non-resident and has property, real or personal, moneys, effects, rights or credits, within this state. In this respect it is analogous to the procedure under the Attachment act. Goldmark v. Magnolia Metal Co.,65 N.J. Law 341, 346; Bird v. Moth K-L Co., 1 N.J. Mis. R. 251.
The notice to dismiss the bill because of the omission of the complainant to set forth therein his residence is equivalent to a demurrer under the old practice, which, if resorted to, would have constituted an appearance of the defendant in the suit for all purposes, and preclude it from denying that it was properly in court; and where, as in the case sub judice, the defendant has given notice to dismiss the bill, and proceeded to argument thereunder, such action is equivalent to the filing of a demurrer under the old practice, and the defendant must now be regarded as having appeared in the suit and subject to the jurisdiction of the court, as if a formal appearance had been entered. Albert
v. Clarendon Land and Improvement Co., 53 N.J. Eq. 623, 625.
See, also, Bird v. Moth K-L Co., supra, wherein the supreme court held that a motion to strike is a proceeding in a cause which the defendant *Page 112 
cannot take without appealing to the jurisdiction of the court, and, therefore, amounted to a general appearance, waiving all objections to the jurisdiction of the court over the cause of action and the person of the defendant.
The motion will be denied.