This is a bill against Maurice J. Swetland, trustee, by thecestuis que trustent under a certain trust created by Horace M. Swetland in his lifetime, and alleges misappropriation and dissipation of the trust fund; seeks an accounting; the removal of the trustee, and the appointment of a new trustee in his stead. Two trust agreements are involved in this controversy. The first is that of July 14th, 1917, and the second that of January 3d 1922. *Page 610 
Notwithstanding there are two declarations of trust there is in effect but one trust to be administered. The purpose of the second declaration was not to destroy the trust created by the first but "to increase the trust estate" and was "without prejudice, but to the great advantage of the beneficiaries" of the trust as established by the first declaration.
Under the will of Horace M. Swetland, deceased, which was construed by this court in Swetland v. Swetland, 100 N.J. Eq. 196; affirmed, 102 N.J. Eq. 294; 140 Atl. Rep. 279, and because of intestacy with respect to surplus income, the trustee defendant is presently entitled to approximately $18,000 from the net income of the Swetland estate. He will be eventually entitled, upon the death of the life beneficiaries, to a very substantial interest in the corpus of that estate. Among other things, besides an accounting, this bill seeks to restrain the executors and trustees of the Swetland estate from paying over to the defendant, individually, any commissions to which he may be entitled as one of the trustees under the Swetland will, and, as trustee of the trust created by Horace M. Swetland in his lifetime, any of the income or principal of the Swetland estate to which he, as such trustee, may now be or hereafter become entitled, and the bill prays a money decree against the defendant trustee for such sums as upon such accounting may be found to be due from the trustee individually to the trust estate. Upon this application it may be considered that the trustee defendant has been unfaithful to his trust and has dissipated the entire trust estate which has come into his possession, no answering affidavits denying the charges of unfaithfulness and misappropriation having been filed. His defense upon the return of this order to show cause is based upon technical grounds and is a challenge to the jurisdiction of this court.
Maurice J. Swetland, the defendant trustee, is a non-resident of the State of New Jersey, presently residing in Connecticut, and service of this order to show cause was had upon him by mail, and process of subpoena, by publication. A writ of sequestration was also issued herein upon application of the complainants and the interest of this defendant in *Page 611 
the Horace M. Swetland estate was duly sequestered. His counsel has, without leave of court, filed a special appearance in his behalf on the return of the order to show cause, for the purpose of interposing an objection to the jurisdiction and moving to quash the service of the order to show cause and process, and to discharge the writ of sequestration.
The attack upon the jurisdiction of this court is based upon the fact that the defendant trustee is a non-resident and the contention that, therefore, the service of the order to show cause and the subpoena in this cause in the manner stated confers no jurisdiction over the person of this defendant; and that the trust under the 1917 and 1922 agreements has no situs in the State of New Jersey, and that only a court of the state in which the trust has its situs, or which has jurisdiction of the person of the defendant trustee, can require him to account; and that jurisdiction cannot be obtained in this court by the issuance and execution of a writ of sequestration in this cause. These objections raise the following questions:
1. What is the situs of the trust under the 1917 and 1922 agreements?
2. Is the writ of sequestration issued herein good as against this defendant and does it bind the property seized by the officer by whom the writ was executed?
3. Does the filing of a special appearance without leave of court amount to a general appearance in the cause?
These questions will be considered in the order stated.
Other questions were raised in the arguments of counsel, but in view of my conclusions on the questions above recited, I deem it unnecessary to discuss them.
 I.
At the time of the creation of this trust and the execution of both trust agreements, Horace M. Swetland, the creator, was a resident of and domiciled in the State of New Jersey. This appeared conclusively in the will construction case (Swetland
v. Swetland, supra) to which I have already referred. His residence in this state appears also from recitals *Page 612 
in the trust agreements. The defendant trustee was then a resident of and domiciled in New Jersey, as were all the beneficiaries of that trust, and three successor trustees named in the 1922 trust agreement were respectively the trustor himself; a resident of Montclair, New Jersey; and a New Jersey trust company. The entire corpus of the trust fund as established by these agreements consisted of personal property. The trust agreements were executed in New York. Certain substantial additions to this trust were made by the creator by his will and it was the validity of this bequest that constituted the main issue in the will construction case.
That bequest was held valid, not on the ground of incorporation by reference (that question not being decided either by this court or the court of errors and appeals), but irrespective of that rule, and because by the bequest the testator had merely added other property to a trust fund previously established under a valid, active, subsisting trust, and it was held that the "trustee-legatee" was a distinct and definite entity. It wasnot held, as is asserted by counsel for the defendant trustee, that the trust itself was a distinct and definite entity. It is on this erroneous assertion of the court's decision in the will construction case that the defendant's counsel bases his argument of analogy to continuous charitable trusts with a legal habitation in a foreign state. It is contended that the doctrine theretofore applicable only to charitable trusts was by that decision extended to inter vivos trusts not charitable in their nature. The fallacy of this argument is clear and the analogy fails when it is realized that it is based upon a false premise. The reason for the rule as applied to charitable trusts is clearly stated by Vice-Chancellor Reed in Rosenbaum v.Garrett, 57 N.J. Eq. 186; 41 Atl. Rep. 252, where he distinguishes charitable trusts from the ordinary trust created by a gift to one person for the use of another.
The rule of law is well settled that the courts of the testator's domicile and of the state in which the will is probated have primary jurisdiction over testamentary trusts.McCullough's Executors v. McCullough, 44 N.J. Eq. 313; Marsh *Page 613 
v. Marsh's Executors, 73 N.J. Eq. 99; Davis v. Davis, 57 N.J. Eq. 252; Murphy v. Morrisey Walker, Inc., 99 N.J. Eq. 238;Hewitt v. Green, 77 N.J. Eq. 345.
It is contended that the rule as to testamentary trusts has no application to trusts created inter vivos. The reason for the rule with respect to testamentary trusts is based upon the fact that personal property has its situs at the domicile of the owner. Mobilio sequuntur personam. And a testamentary disposition of personalty must be in accordance with the laws of testator's residence and domicile at the time the will becomeseffective. Murphy v. Morrisey Walker, supra. The same reasoning which results in that rule suggests that the validity and situs of trusts inter vivos are determined by the law of the domicile of the settlor or creator at the date of theexecution of the trust instrument. 39 Cyc. 194; Mercer v.Buchanan, 132 Fed. Rep. 501; Liberty National Bank and TrustCo. v. New England Investors, 25 Fed. Rep. (2d ser.) 493;Maynard v. Farmers' Loan and Trust Co., 203 N.Y. Supp. 83.
Either of these rules applied to the trust here under consideration would fix the situs of the trust in New Jersey and render its administration subject to New Jersey laws.
In Massachusetts it has been suggested that the situs of aninter vivos trust is a question of intention of the creator.Greenough et al. v. Osgood et al., 126 N.E. Rep. 461. If intention were to govern in the case at bar, evidence of the intention of the creator to fix the situs of this trust in New Jersey is abundant. The creator, the trustee, all of the cestuisque trustent, and the successor trustees named in the trust declaration, of which the trustor himself was one, were then domiciled in New Jersey, and one of the successor trustees is a New Jersey trust company. The corpus of the trust consisted entirely of personal property and under certain circumstances the entire corpus of the 1917 trust reverted to the creator and became a part of his residuary estate disposed of by his will, a clear indication that the creator of this trust intended that it should be governed by the same laws as controlled the testamentary disposition of his property. But the safer rule, it *Page 614 
seems to me, is to hold that the situs of an inter vivos
trust of personalty is at the domicile of the creator because"mobilia sequuntur personam." By the application of this rule there seldom can be any difficulty of construction or conflict of authority. But like all general rules it is probably not without its exceptions. 1 Perry Trusts (3d ed.) 60 § 72a. One of the exceptions is a charitable trust. In the Massachusetts case the trust estate consisted largely of realty and mortgages on realty located in Massachusetts, and the declaration of trust provided that in certain contingencies the property should go to the person entitled thereto by the laws of that commonwealth, compelling circumstances in fixing the situs of the trust. I do not consider Lines v. Lines, 142 Pa. St. 149;21 Atl. Rep. 809, as in any way controlling. It does not appear from the report of that case where the trustor was domiciled when the trust deed was executed. See 39 Cyc. tit. "Trusts" 194, sec. III, subsec. A, par. 2.
It is suggested on behalf of the defendant trustee, that thesitus of a trust of personalty not testamentary in character is shifting and changes with every change in domicile of the trustee which is accompanied by a change of the location of the trust property itself. I cannot accede to that doctrine; but irrespective of its soundness it cannot be applied to such portion of the trust res as still remains in the jurisdiction of the original situs of the trust. Two general propositions, it seems to me, are clear: that a trust of personalty has itssitus at the domicile of the creator at the time of its creation, and that the courts of the situs of the trust have jurisdiction to direct its administration and to require the trustee to account; and that a trustee may be called upon to account in any jurisdiction where he may be found because a court of equity acts in personam. Jurisdiction in the latter class of cases is exercised without regard to the situs of the trust property. Lindley v. O'Reilly, 50 N.J. Law 636; 28 Am. Eng.Encycl. L. 1100; Godefroi Trusts and Trustees (5th Eng. ed.)641.
I think it clear, that the law of testator's domicile applies as well to an inter vivos trust as to a testamentary trust. *Page 615 1 Perry Trusts 53, 54 § 71; 26 R.C.L. tit. "Trusts" 1170 §3; Cross v. United States Trust Co. (N.Y. Court of Appeals1892), 30 N.E. Rep. 125; Buck v. Beach, 206 U.S. 392;Blodgett v. Silberman, 277 U.S. 1; Bullen v. Wisconsin,240 U.S. 625; Chase v. Chase, 2 Allen 101.
And it has been held that if the trust property is within the jurisdiction of the court it may be dealt with in enforcement of the trust regardless of the residence of the trustee. DuPuy v.Mineral Co., 88 Me. 202; 33 Atl. Rep. 976; Gassert v. Strong,38 Mon. 18; 98 Pac. Rep. 497. It will be borne in mind that a substantial portion of the trust res here involved is now within this state. All of the personal assets of the estate of Horace M. Swetland, deceased, are in the hands of the executors and trustees of that estate, and therefore subject to the jurisdiction of this court.
In England, if either the trustees or the trust property is within the jurisdiction, that is sufficient. Lew. Trusts 41,note d.
The bequest in the Swetland will to Maurice J. Swetland, trustee, is under the 1917 trust. On this application it is to be taken as a fact that all of the corpus of that trust, except that yet coming from the Swetland estate under the will has been wasted and dissipated. It follows, therefore, that the only remaining assets of this trust estate are those which are in the hands of the executors and trustees under that will. Therefore, the entire balance of the trust estate is under the control of the courts of this jurisdiction. In view of the misapplication of these trust funds by the defendant trustee, it may be considered as a practical certainty that if the funds now within the control of our courts are turned over to him by the executors of the Swetland estate, those funds will also be misapplied and wasted. To deny this court's right or power to prevent the delivery to the defaulting trustee of what now constitutes the sole assets of this trust estate would be a monstrous doctrine. The general equity jurisdiction of this court over trustees and their administration applies as well to trusts inter vivos as to testamentary trusts. And if specific authority were needed for the exercise of jurisdiction *Page 616 
to prevent further dissipation of this trust estate, it may be found in the decisions of this court (Conover v. Fischer,36 Atl. Rep. 948; Tappan's Executor v. Ricamio et al., 16 N.J. Eq. 89) and the decisions of other jurisdictions. Chase v. Chase
(Supreme Court of Massachusetts), 2 Allen 101. And "in suits by a beneficiary against his trustee, an injunction, if needed, will be granted as a matter of course" to restrain violations of the trust. 4 Pom. Eq. Jur. § 1687.
In Drummond v. Drummond, L.R. (2 Ch. App.) 32, 35, it was said:
"Much confusion has arisen by treating want of power to enforce jurisdiction as tantamount to want of jurisdiction."
Counsel for complainant states the proposition thus:
"Much confusion has arisen through failure to distinguish the two principal meanings of the word `jurisdiction'; namely, power to deal with the person of the defendant and power to deal with the subject-matters of the suit."
Irrespective of the situs of the trust, if the subject-matter of the suit is under the control of the court by virtue of the sequestration proceedings, then to the extent of the property sequestered, the court may enforce its decree. And it is conceded by counsel for the defendant trustee that if the court has jurisdiction of the subject-matter of the suit in the sense that it has jurisdiction over the administration of the trust, because the trust arose under our law and has its situs here, the court may obtain jurisdiction of the defendant by substituted service or by seizure of property. In Redzina v. ProvidentInstitution, 96 N.J. Eq. 346, the court of errors and appeals said:
"A state and its courts have power and jurisdiction over all things, tangible and intangible, whose situs is within its physical limits. * * * It follows, then, that where there is ares within the borders of the state, against which a judgmentin rem or quasi in rem may be taken, the constitutional requirements, both of notice to parties, and of power in the courts, are met."
See, also, Amparo Mining Co. v. Fidelity Trust Co., 74 N.J. Eq. 197; affirmed, 75 N.J. Eq. 555, and Wilson v. *Page 617 American Palace Car Co. (Court of Errors and Appeals),65 N.J. Eq. 730.
Defendant urges that an inter vivos trust is a mere contract and that, therefore, the place of its execution and delivery should determine the law by which it is administered. This is inaccurate. He has confused the lex loci with the lex fori or the lex rei sitae. The relationships created by a trust agreement are far different from those created by a mere contract for the benefit of a third person. The rights of the cestui quetrust were enforceable against a trustee long before the obligor of a simple contract could be held answerable to a third party beneficiary. Defendant's citations from Beale's tentative draft on the "Conflict of Laws," prepared under the direction of the American Law Institute, are inapplicable; nor, if applicable, would they be helpful to the defendant. The language of section 320 of that draft merely indicates the result of a court actingin personam in a suit against a trustee. But that does not prevent the courts of the state in which the trust has itssitus from acting in rem, so long as any of the trust res
remains within that jurisdiction; and if by attaching this res
in sequestration proceedings the court obtains jurisdiction of the defendant in the suit, it has jurisdiction to compel an accounting. Not having control of the person of the trustee, it may not be able to enforce its decree beyond what the defendant's property sequestered will satisfy; but that does not prevent an adjudication of rights asserted on the one hand and denied on the other, where the defendant has been offered an opportunity to be heard and has refused the offer. The law of the state in which a contract is executed does not, however, always govern its performance. The law of the place of performance, unless otherwise indicated in the contract, undoubtedly must determine what constitutes performance and what constitutes a breach of the contract. Da Costa v. Davis, 24 N.J. Law 319, 331; Healy v.Gorman, 15 N.J. Law 328; Cox v. United States, 31 U.S. 172;Hicks v. Guiness, 269 U.S. 71; Stebbins v. Leowolf,57 Mass. 137; Tarbox v. Childs, 165 Mass. 408; Richard v. AmericanUnion Bank, 241 N.Y. 163; *Page 618 Knoup v. Carver, 74 N.J. Eq. 449; Hinkly v. Freick,86 N.J. Law 281.
The fact that the trust agreement was executed in New York is not, therefore, controlling. If the trust situs were in New York, it is possible that the trust might be illegal as in violation of the New York rule against perpetuities, although it has been already determined to be a valid trust (Swetland v.Swetland, supra) and is not violative of the New Jersey rule against perpetuities.
 II.
The next question to be considered is that concerning the writ of sequestration. The writ was issued pursuant to the Sequestration act. P.L. 1919 p. 444; 1 Cum. Supp. Comp. Stat.tit. "Chancery" 261 subject 33 § 52a. That act is very broad and there is no limitation put upon the type of action in equity in which a writ of sequestration may properly issue other than that it be one in which a money decree is sought. Frank v.H.E. Salzburg Co., Inc., 102 N.J. Eq. 107; 140 Atl. Rep. 241.
There is no doubt but that a money decree is sought in this suit for the amount which the defendant trustee may owe to the trust estate by reason of his alleged defalcations. Section 15 of the act (1 Cum. Supp. Comp. Stat. § 520) provides "this act is remedial and is to be liberally construed. Its purpose is to subject the property of non-residents to the satisfaction of claims cognizable in a court of equity in analogy to attachmentproceedings at law." (Italics mine.) In view of what I have already held with respect to the situs of the trust here involved, a decision of the question as to the validity of the writ of sequestration may seem unimportant, but since it is contended that an action for an accounting does not lie against the defendant because jurisdiction over his person has not been obtained, the point should be decided. It is precisely such a defect in our chancery procedure which it was the purpose of the Sequestration act to remedy by permitting seizure of an absent defendant's property situated within the state prior to the *Page 619 
entry of a final decree, in analogy to attachment proceedings at law, thereby converting such an action into one quasi in rem.
The requirements of "due process" as laid down by the courts of this state and of the United States are fully met in this statute. Amparo Mining Co. v. Fidelity Trust Co., supra;affirmed, 75 N.J. Eq. 555; Wilson v. American Palace Car Co.,supra; Sohege v. Singer Manufacturing Co., 73 N.J. Eq. 567;Pennoyer v. Neff, 95 U.S. 714.
It cannot be denied that the defendant, both individually and as trustee, has a vested interest in the estate of Horace M. Swetland, deceased. The corpus of that estate and the defendant's undivided interest therein constitute a res within this state and subject to the control and disposition of our courts. This applies also to his interest in the fees allowed to the executors and trustees of the Swetland estate on the present accounting in the prerogative court. This res has been seized under the Sequestration act and there is no doubt of its liability to satisfy any money decree which may be made in this suit against the defendant.
 III.
It is contended by the complainant that the special appearances filed on behalf of the defendant, individually and as trustee, are, in effect, general appearances, and, because filed without leave of court, subject him personally to the court's jurisdiction. Undoubtedly under the English practice a special appearance for the purpose of objecting to the jurisdiction of the court because of improper service of process could be made only by leave of court. 1 Dan. Ch. Pl. Pr. (4th ed.) 453,and note pp. 512, 536, 537. Such leave was usually granted upon condition that if the motion was denied the special appearance was to stand as a general appearance. Ibid. This practice seems to have been uniformly followed in this state. Hervey v.Hervey, 56 N.J. Eq. 166; Groel v. United Electric Co., 69 N.J. Eq. 397; Ewald v. Ortynsky, 77 N.J. Eq. 76; affirmed, 78 N.J. Eq. 527; Allman v. United Brotherhood, 79 N.J. Eq. 150;affirmed, 79 N.J. Eq. *Page 620 641; McVoy v. Baumann, 93 N.J. Eq. 360; Spoor-Thompson Co. v.Bennet Film, c., Co., 105 N.J. Eq. 108. Where the jurisdiction over the person or thing, as distinguished from service of process, was attacked, it formerly could be raised by plea to the jurisdiction, filed without leave, before such pleas were abolished. Wilson v. American Palace Car Co., supra; Puster
v. Parker Mercantile Co., 70 N.J. Eq. 771; Groel v. UnitedElectric Co., supra; Sohege v. Singer Manufacturing Co., supra;Ewald v. Ortynski, supra; Brimberg v. Hartenfeld Bag Co.,89 N.J. Eq. 425, and I have no doubt, may still be raised by answer under our present practice. Chancery rules 67 and 68, McVoy v.Baumann, supra. But where the question is raised by answer and the defense thus presented is held ineffective, the result would be the same as upon a motion addressed to the jurisdiction under a conditional appearance. Counsel for the defendant trustee argues that there is no case in New Jersey which holds that a special appearance filed without leave of court amounts to a general appearance, and that there is but one case, namely,McVoy v. Baumann, supra, where a conditional appearance was required. In Hervey v. Hervey, supra, it was stated that the proper practice was to require a conditional appearance, and this doctrine has been reasserted as late as June, 1929, by Vice-Chancellor Fallon in Spoor-Thompson Co. v. Bennett, supra;
and in Allman v. United Brotherhood, supra, Vice-Chancellor Walker (now chancellor), said:
"And if the defendant desires to appear specially for the purpose of making the motion to dissolve only and not to have his appearance operate to clothe the court with jurisdiction over him generally in the suit, he must doubtless obtain leave of the court to enter such appearance."
As this decision was affirmed by the court of errors and appeals on the opinion below, it seems to me that I have no alternative but to assume that this language was approved by the court of errors and appeals and I feel that I am bound by it, irrespective of what the rule may be in the federal or other jurisdictions. It is true that in Laure v. Singer,100 N.J. Law 98 (at p. 102), the chancellor said: *Page 621 
"It may be that the entry of a special appearance, for the sole purpose of objecting to the jurisdiction would be good without leave of court for that purpose obtained."
But I consider that as in no way affecting his previous statement in the Allman Case, as in the latter case he was not called upon to say what would have been the effect of a special appearance filed without leave of court. So far as this court is concerned, I consider it settled that a special appearance for the purpose of addressing a motion to the jurisdiction of the court, filed without leave, amounts to a general appearance. And it is my understanding of the law that this was always so where the question was one of jurisdiction over the person arising out of service of process. This discussion is, perhaps, more or less academic in view of the fact that I have already held the situs
of the trust here involved to be in New Jersey.
I will advise an order in accordance with these conclusions.