The complainant-wife instituted action by bill and writ of sequestration against the defendant-husband for an accounting. Without first obtaining leave of the court, the defendant entered a special appearance and filed an answer alleging to appear specially to the allegations contained in the bill. In said answer, defendant admitted his non-residence, and did not question the jurisdiction of the Court of Chancery or the process thereof. Upon hearing the parties on the return of an order to show cause, duly made, an order was entered herein declaring defendant had appeared generally in the cause.
If defendant desires to appear specially and not have his appearance operate to clothe the court with jurisdiction over him generally in the suit, it seems he must obtain leave of *Page 194 
the court to enter such an appearance. Allman v. UnitedBrotherhood, 79 N.J. Eq. 150; 81 Atl. Rep. 116; affirmed on opinion below, 79 N.J. Eq. 641; 83 Atl. Rep. 1118; Mellor v.Kaighn, 89 N.J. Law 543 (at p. 545); 99 Atl. Rep. 207 (atp. 208); Spoor-Thompson Co. v. Bennett, 105 N.J. Eq. 108
(at p. 112); 147 Atl. Rep. 202 (at p. 204); Swetland v.Swetland, 105 N.J. Eq. 608 (at p. 619); 149 Atl. Rep. 50
(at p. 55).
The provisions of the Sequestration Act (R.S. 2:29-99 and100) do not change the practice as to appearing specially in the Court of Chancery. These sections state only the effect of general and special appearances. *Page 195