ADAM H. GROEL

*v.*

UNITED ELECTRIC COMPANY OF NEW JERSEY et al.

[Filed December 29th, 1904.]

1. Where a decree in the nature of a personal decree is sought against a foreign corporation, it may raise the question of jurisdiction by plea.

2. A special appearance, entered for the sole purpose of objecting to the jurisdiction of the court, will not be stricken out because filed without any special leave or order of the court.

On motion to strike out special appearance and plea to jurisdiction filed by the United Gas Improvement Company, one of the defendants.

*Mr. Edwin G. Adams,* for the motion.

*Mr. Richard V. Lindabury,* for the defendant.

EMERY, V. C.

The bill seeks a decree in the nature of a personal decree against the company which has filed a plea to the jurisdiction, setting up, in substance, that it is a non-resident corporation, not served with process in the suit, and not subject to service of process within the state, and that no decree against it for the relief sought can therefore be made. On filing the plea a separate formal written appearance for the company, "specially for the sole purpose of objecting to the jurisdiction of the court," was signed and filed by solicitors of the court, but without any special leave or order of the court. The plea is introduced by the statement that the company appears by its officers for the sole purpose of objecting to the jurisdiction of the court, and for no other purpose. Complainant now moves to strike out the special appearance, because it was filed without leave of the

court, and also to strike out the plea for irregularity, inasmuch
as it depends upon the previous irregular or unauthorized ap-
pearance. The regularity of a plea of this kind, for the purpose
of questioning the jurisdiction of the court upon the facts set
out in the plea, is settled by the decision in *Wilson* v. *American
Palace Car Co., 65 N. J. Eq. (20 Dick.) 730 (Court of Errors
and Appeals, 1903).* The regularity of a plea to the jurisdic-
tion on similar facts, in an action at law, was affirmed in *Cam-
den Rolling Mill Co.* v. *Swede Iron Co., 32 N. J. Law (3 Vr.)
15 (Supreme Court, 1866),* the position of the defendant being
considered analogous to, or identical with, that of defendants,
who, under the English common law practice, are privileged
against all suits, except within a particular jurisdiction, and
who are entitled to enforce this immunity by a plea to the juris-
diction. Mr. Justice Dixon's opinion, in *Wilson* v. *American
Palace Car Co., supra,* also proceeds upon the view that in suits
where personal decrees are sought against any defendant, an im-
munity from jurisdiction in the courts of any state where ser-
vice of process cannot be obtained is given by the federal con-
stitution. The defendant being thus entitled to present the ques-
tion of jurisdiction by plea, the first question is whether any
formal appearance of any kind, other than that made by the
filing of the plea itself, is necessary, in order that the plea may
be heard. A previous independent formal appearance of some
kind was necessary under the English practice, because an ap-
pearance (entered either by defendant or by complainant for
him under the rules) was considered necessary for the subsequent
proceedings to procure an answer and for decree. *1 Dan. Ch.
Pr. (6th Am. ed.)* *536. Under our statutes and practice, which
is the general American practice, appearances are not now neces-
sary in order to compel answer or for decree. In the American
practice, the previous formal appearance by defendant has not,
therefore, been generally considered essential to the regularity
of a demurrer or answer or other pleading, and the pleading
itself has been considered a sufficient formal appearance to
justify the court in proceeding to hearing upon it. In *State of
New Jersey* v. *State of New York, 6 Pet. 323 (1832),* Chief-
Justice Marshall, on the objection that no appearance had been

entered, considered the demurrer an appearance and that no other appearance was necessary. In *Eldred* v. *Bank, 17 Wall. 545 (1873)*, Justice Miller said (at *p. 551*) the filing of a plea was considered a sufficient appearance, and on its withdrawal defendant was considered as being still in court. In *Livingston* v. *Gibbons, 4 Johns. Ch. *94*, an answer upon which decree was entered without formal appearance was considered an appearance. In *Albert* v. *Clarendon Company, 53 N. J. Eq. (8 Dick.) 625*, Vice-Chancellor Van Fleet said that a general demurrer would be an appearance, but the point now considered was not raised in the case. Other authorities are referred to in *1 Dan. Ch. Pr. (6th Am. ed.) *536, note 2*. At common law, the plea of immunity from jurisdiction was in the nature of a plea in abatement and was presented in person and not by attorney and was made apparently without any other appearance than by the plea itself. *1 Chit. Pl. 441, 444; Blake* v. *Jones, 7 Mass. 28 (1810)*; *Gardner* v. *Barker, 12 Mass. 36, 39 (1815)*. Independent of statute, therefore, I think the plea itself in this case is an appearance for the purpose of the hearing on the plea. But our Chancery act, section 3 *(Revision of 1902, P. L. of 1902 p. 511)*, directs that the subpœna must contain a notice "that the defendant is not required to appear in person on the return day; but, if he intends to make a defence, it is only necessary for him to answer, plead or demur to the bill within the time required by law." There is no rule or decision since this statute was originally passed *(P. L. of 1867 p. 166)* requiring the entry of a formal appearance before a plea or demurrer can be filed, and, in view of the statute, I doubt whether such additional formal appearance could now be required as a condition of making defence. Certainly, a plea, answer or demurrer, filed by defendant in person without previous formal appearance, would seem to be regular under this statute. The plea in this case is taken under the common seal of the corporation, after being signed by its vice-president, and it may, therefore, stand as in itself an appearance sufficient for the purpose of the hearing and cannot be stricken out because of the supposed irregularity of the previous formal appearance. Where no appearance by plea, demurrer or answer has been made, a formal

appearance by a defendant, either general or special, may be necessary for the purpose of making or opposing motions in the cause, and it is in these cases that the court fixes the condition of appearance. The conditional appearances under the English practice seem to have been based on the necessity of an appearance as the basis for any subsequent proceedings in the suit and are not applicable if my view of our statute and practice is correct. Neither should the special appearance be stricken out. If the limitation of the purposes of an appearance is not authorized, except by special order of the court, then the real question arising on such entry relates to the effect of the appearance as entered, with this attempted limitation of its purpose by the solicitor without authority. This question may arise if the plea to the jurisdiction be overruled and further proceedings in the cause be taken by complainant. As the case stands at present, it must be disposed of on a plea to which the appearance as limited or attempted to be limited certainly extends, and the motion must be denied. Reaching this conclusion, I have not considered the effect of complainant's amending his bill after the plea was filed. This is a matter to be disposed of on the whole record, either on the hearing of the plea or after determination upon it.