HENRY PUSTER, receiver, &c., appellant,

*v.*

PARKER MERCANTILE COMPANY, respondent.

[Argued November 23d and 24th, 1905.   Decided June 18th, 1906.]

1. A foreign corporation which has no office, agent or place of business within the state, and has never made application for the right of transacting business under the laws of the state, and has no contract to be performed in the state, and which has not been legally served with process, may raise the question of jurisdiction by a preliminary plea to the jurisdiction, asking the judgment of the court on whether it should answer the bill.

2. Such a corporation was not brought into court by due process of law by service of process upon its vice-president, who was a resident of the state of its incorporation, and who was not authorized or directed by the corporation to make the trip into this state on the occasion when the attempted service of process was made.

---

On appeal from an order of Chancellor Magie, who filed the following opinion:

The bill in this case was filed by Henry Puster, as receiver of the United States Gasoline Engine Company, against a single defendant, the Parker Mercantile Company, which company is declared in the bill to be a corporation created by and existing under the laws of the State of Missouri.

The subpœna which issued upon the bill was returned as served upon one John H. Muren, a director and vice-president of the defendant company.

The defendant filed a plea to the jurisdiction of the court, the pertinent statements of which are as follows:

"That this court ought not to compel it to appear or answer in the aforesaid action, because at the time of the commencement of the said suit, and at the time when the service of the subpœna issued therein was attempted to be made upon it, this defendant was not an inhabitant, nor found within the State of New Jersey, nor was it a resident or citizen of the said state, nor existing as a body corporate under or by virtue of its corporate laws; that it has no office, agent or agency or place of business within the said state, nor has it ever had any; that it is a body corporate existing under and by virtue of the laws of the State of Missouri; that it has never made application for the right or privilege of transacting business under the laws of the State of New Jersey; that it has no contract to be performed in this state, and never has had; that it has not been served with process therein (although service has been attempted to be made and a pretended return made upon the subpœna) ; that the said process in this suit was served upon Jacob H. Muren, who is a director and the vice-president of this defendant; that said Jacob H. Muren (wrongly designated on the return of said subpœna as John H. Muren) is a resident of the city of St. Louis, in the State of Missouri, and has been continuously a resident of said city for more than twenty years last past; that the said Jacob H. Muren was not authorized and was not directed to go to New Jersey, nor to make the trip on the occasion of which the attempted service of process against this defendant was made upon him, either by the board of directors or by the officers of this defendant; that said Muren was not authorized by said Parker Mercantile Company, this defendant, or by its officers or directors, to act for or on its behalf in the matter or purpose of this suit in any manner whatever, or in any other matter whatever in this state; that no process or other legal notice of this suit has been served upon any person duly authorized in the defendant's behalf in the matter of this suit, or upon any property to it belonging, by reason whereof this defendant humbly submits that this honorable court has not now, nor ever had or obtained, jurisdiction over the person or property of this defendant, and that this defendant is not compellable to appear in response to said writ, and does not accept or waive service thereof."

No reply having been made to this plea it has been brought to hearing, and the question thus raised is whether the plea is good.

Upon this question, I conceive I am bound by authority. In *Wilson* v. *American Palace Car Co., 65 N. J. Eq. (20 Dick.) 730,* a plea substantially identical with that before me was interposed, and it was held by the court of errors and appeals that such a defendant had a right to thus raise the question of jurisdiction, and to demand, *in limine,* the judgment of the court whether he should answer the bill. Upon the facts pleaded in that case, it was further held (overruling this court) that defendants had not been brought into court by due process of law, and were not obliged to answer the bill. Upon this authority the plea here interposed must be sustained.

*Mr. Robert H. Hudspeth* and *Mr. J. Merritt Lane,* for the appellant.

*Mr. Robert M. Boyd, Jr.,* for the respondent.

PER CURIAM.

The order in this case is affirmed, for the reasons contained in the opinion delivered in the court of chancery by the chancellor.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—14.

*For reversal*—None.