## ROHDE *v.* UNITED STATES.

---

CRIMINAL LAW; EMBEZZLEMENT; BENEFICIAL ASSOCIATIONS; STATUTES.

1. It is embezzlement, as defined by the D. C. Code, sec. 834 [31 Stat. at L. 1325, chap. 854], and not larceny, for the treasurer of an unincorporated association to wrongfully convert to his own use money of the association intrusted to his possession as such treasurer.

2. An unincorporated beneficial association, not organized for trade or profit, and which continues its existence regardless of changes in its membership, is not, as between its own members, a partnership, even though under certain conditions it may be held to be a partnership at the suit of others, by virtue of the principle of estoppel.

3. In the prosecution of the treasurer of an unincorporated beneficial association for the embezzlement of its funds, under D. C. Code, sec. 834, which includes officers of "any association or incorporated company" among those who may be punished for the crime, it is no defense that the accused is a member of the association, and cannot, therefore, be convicted of embezzlement of a fund of which he is part owner, where it appears that he had, as a member, no assignable interest in the fund, or right of withdrawal in event of resignation, and also that the fund came into his possession by virtue of his office, and he had no right to pay out the whole or any portion of it except by an order passed at a meeting of the association.

4. Where a penal statute is to be construed, it must, like other statutes, be given a reasonable construction so as to avoid an absurd conclusion. (Following *Fields* v. *United States*, 27 D. C. App. 433.)

No. 2083. Submitted December 7, 1909. Decided January 4, 1910.

HEARING on an appeal by the accused from a judgment of conviction of the Supreme Court of the District of Columbia upon a verdict of the jury in a prosecution for embezzlement.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, William Rohde, appeals from a conviction under an indictment charging him with the offense of embezzlement.

The indictment is in two counts, the first of which was abandoned on the trial. The second count charges that the defendant, Rhode, on April 16th, 1908, was an officer, agent, and clerk of a certain unincorporated association known as, and called, the International Union of Steam Engineers, Local Union No. 77, that is to say, was in the employ of said association as the treasurer thereof; and on said date had in his possession $220.52 of the money and property of said association, which had come into his possession and under his care by virtue of his said employment; and that he did then and there wrongfully convert the same to his own use, and fraudulently take, make away with, and secrete the same with intent to convert the same to his own use, and did thereby embezzle the same.

The evidence introduced by the government tended to show that Local Union No. 77 of the International Union of Steam Engineers was an unincorporated association, the objects of which are set forth in the International Union laws as follows: "The objects of this organization are the elevation of our craft to its proper position in the ranks of the workers; we propose to encourage a higher standard of skill among our members, to inculcate feelings of friendship among the men of our craft, to assist each other in securing employment, and to reduce the hours of employment, to secure a higher standard of wages for work performed, and, by legal and proper means, to elevate the moral, intellectual, and social conditions of our

members, and to do our utmost to extend license laws for the better protection of life and property."

The membership consists of individuals qualified by their employment, who are required to pay $1 each per month as dues. Between February 16 and April 16, 1908, there were from 90 to 105 members. Besides membership dues some money is acquired by the association from fines and assessments, when necessary, and from entertainments. When a member withdraws he receives no payment from the association's funds, which belong to the local union, and is expended for its purposes. Each member participates in the benefits derived from expenditure of the fund, and each has an equal share and interest in it, being equally entitled to benefit by any uses of it. In case of a deficit, money is raised by subscription or assessment. All members are governed by the same laws and regulations.

Defendant, Rohde, was treasurer of the association from about February 16 to April 16, 1908. The treasurer's duties are thus prescribed in the laws of the association: "The treasurer shall receive from the financial secretary all moneys collected, and give his receipt for same; he shall make no disbursements without the sanction of the local union upon an order signed by the president and recording secretary, and when so ordered he shall make provision for payment of the same. He shall make an itemized statement at the end of each quarter to the local union of all moneys received and paid out by him, and submit his books to the trustees for inspection at any time when called upon, and perform such other duties as the union may require."

During the time that he was treasurer money came into the hands of the treasurer, and the balance thereof on or about April 16, 1908, was $220.52. At a meeting of the association on April 9, 1908, part of the funds were in a saving's bank, and defendant was directed, by a resolution, to transfer the same to a trust company during the following week. Defendant thereupon offered his resignation, and was directed to report his compliance with the order aforesaid at the meeting

of April 16, 1908. Defendant appeared at this last meeting, and reported that he had withdrawn the money from the bank and put it in a wallet with some money of his own, but that while on his way to the meeting he had been robbed of the wallet and its contents. He admitted having withdrawn the money at 11 o'clock in the morning, but had not deposited it in the trust company, because he understood that the order required him to bring the money to the meeting. No part of the $220.52, belonging to the association, has been repaid. The testimony regarding the alleged robbery need not be stated, as no question is made to the sufficiency of the evidence to support the verdict on that ground.

The defendant moved the court to instruct the jury to find a verdict of not guilty on two grounds: (1) That upon the evidence if any crime had been committed at all, it was larceny, and not embezzlement; (2) that upon all the evidence the funds in the custody of the defendant were partnership funds, in which he had an interest, and therefore he could not be guilty of embezzlement thereof. This motion was denied and defendant excepted. Having been charged with respect to the law of embezzlement, the jury returned a verdict of guilty. From the judgment rendered and the sentence imposed in accordance therewith, defendant has appealed.

*Mr. William E. Ambrose* and *Mr. John Ridout* for the appellant.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, *Mr. F. Sprigg Perry* and *Mr. Reginald S. Huidekoper,* Assistants, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The first assignment of error is that the offense shown by the evidence, if an offense at all, is larceny, and not embezzlement, as charged in the indictment. To constitute larceny the

property must be unlawfully taken from the possession of another, with the fraudulent intent to convert the same to his own use.    The taker without the consent of the owner commits a trespass.    The offense of embezzlement consists in the wrongful conversion of the property which has been intrusted to the possession of another.    He commits no trespass or wrong in acquiring the possession, but a breach of trust in converting the property to his own use.    As the appellant was intrusted with the money in this case, as the agent of the owner, if he committed any offense at all, it amounted to embezzlement, and he was properly indicted and convicted of that offense, under sec. 834 of the Code [31 Stat. at L. 1325, chap. 854], which reads as follows: "If any agent, attorney, clerk, or servant of a private person or copartnership, or any officer, attorney, agent, · clerk, or servant of any association or incorporated company, shall wrongfully convert to his own use, or fraudulently take, make away with, or secrete, with intent to convert to his own use, anything of value which shall come into his possession or under his care by virtue of his employment or office, whether the thing so converted be the property of his master or employer or that of any other person, copartnership, association, or corporation, he shall be deemed guilty of embezzlement, and shall be punished by a fine not exceeding $1,000, or by imprisonment for not more than ten years, or both."

2. The appellant chiefly relies on the second assignment of error, which is that the court refused "to hold that, upon the proof, it appeared that the defendant was a member of a partnership whose property the money, alleged to have been embezzled, was; and that property of a partnership could not be the subject of embezzlement by one of the partners."

Unincorporated associations of persons for social, educational, and charitable purposes, or for the mutual benefit and advancement of the interests of the associations in various ways, as may be provided in their several constitutions and by-laws, have always been recognized as lawful, though there may be no statutory regulation of their organization and control.    As such they are included in sec. 834, supra, among those whose officers, agents,

etc., may, by wrongfully converting the funds intrusted to them, become liable to punishment for embezzlement. The association in this instance was not organized for any purpose of trade or profit. There could, therefore, be no mutual participation of members in profit or loss. The retiring of a member by reason of death, resignation, or expulsion worked no dissolution of the association. It continued its existence regardless of changes in its membership. An association for such purposes and under such conditions is not a partnership. Assuming that, under certain conditions, it might possibly be held liable as a partnership at the suit of others than members, by virtue of the principle of estoppel, yet, as between its own members, it cannot be held to be a partnership. *Lafond* v. *Deems,* 81 N. Y. 507; *Burke* v. *Roper,* 79 Ala. 138–122; *Ash* v. *Guie,* 97 Pa. 493–499, 39 Am. Rep. 818.

It follows that in so far as the relation of partnership is involved the court did not err in refusing to take the view urged.

3. It is further contended that by reason of his membership of the unincorporated association, the appellant had an interest in the fund analogous to that of a member of a partnership, or such a property interest, at least, that he cannot be held guilty of the offense of embezzlement for its wrongful conversion.

This fund was accumulated, through payments of dues and in other ways, for the promotion of the general purposes of the association; each member being entitled to as much of the expected benefits as another. There appears to exist no power to compel a member to pay dues; but his membership would cease upon his failure to do so. An active member has no interest in the fund, which he could withdraw or assign, and when he retires is entitled to no distribution. The by-laws provide that there shall be a treasurer, into whose possession all moneys of the association shall be delivered when collected by the financial secretary or agent. And, when so received by the treasurer, they cannot be paid out for any purpose except by

draft signed by the president and recording secretary in pursuance of a resolution adopted at a meeting of the union.

The appellant, being an active member and remaining one during his term of office, was elected treasurer, and the fund which he converted came into his possession by virtue of his office. Considering the objects and laws of the association, and the fact that the majority of the members in meeting assembled were vested with the absolute control and disposition of the funds in the treasury, it is difficult to perceive that the appellant had any definite interest therein in the nature of property. But, assuming that he had a property interest of some kind or another in the fund, we cannot assent to the proposition that he may not, for that reason, be held guilty of embezzlement, under sec. 834, for its wrongful conversion. A number of authorities have been cited in support of the proposition that, as one cannot commit larceny or embezzlement of his own property, so likewise he cannot be guilty of either offense if he have an interest, no matter how slight, in the property converted. Some of these involve the case of a member of an ordinary partnership, some, that of an agent who has a right to a commission payable from the fund. We have already held that the association was not a partnership, and it is hardly necessary to say that appellant was not an agent, with a right to a commission. Other cases cited, however, apply the same rule where the accused is a member of an unincorporated association merely. These are based upon statutes of their several jurisdictions defining embezzlement, and depend upon the construction given them. Some, if not all, of those statutes contain terms not found in sec. 834, which seem to have had weight in determining the construction adopted. It would serve no useful purpose to review the decisions referred to, or to compare the various statutes. It is sufficient to say that no reasonable construction of sec. 834 of the District Code warrants the proposition maintained. It makes one into whose possession property shall come by virtue of an office or employment, held of an unincorporated association, liable to conviction for embezzlement, "whether the thing so

converted be the property of his master or employer or that of any other person," etc. The appellant was an officer of his association, and came into possession of the money by virtue of that office only. He was not entitled to the possession of any part of the fund, except by virtue of his office, and he could not pay it out, in whole or in part, unless under an order passed at a meeting of the association. Any other disposition of a dollar of the fund would be a plain breach of his trust. The statute expressly applies to officers of the unincorporated association, the various kinds of which were well known; and there is nothing to indicate an intention to limit the offense to those officers only who are not at the same time actual members of such associations. No reason can be suggested why officers equally guilty of wilful wrongdoing should be exempted from punishment, for the sole reason that they might happen to be members as well as officers of the association. Where a penal statute is to be construed it must, like others, be given a reasonable construction so as to avoid an absurd or unjust conclusion. *Fields* v. *United States,* 27 App. D. C. 433–440. In that case the appellant was charged with the embezzlement of funds which had come into his hands as receiver of an insolvent corporation. His contention, based upon a strict construction of certain words of the statute relating to a person into whose possession property "may come by virtue of his office," was that it did not apply to one into whose possession the property had come prior to the adoption of the Code, although the conversion thereof occurred after. In denying the contention it was said: "The act of embezzlement is the thing to which each section is specially directed; and while, as to that, it is necessarily prospective in its operation, it does not follow that it was intended, also, that there should be no punishment for the embezzlement of money or property, except such as might thereafter come into the possession of the party charged with a duty in respect thereof. It is inconceivable that Congress intended to make a distinction in respect of property thereafter embezzled, dependent upon the time when the same shall have come into the possession of the embezzler. There is

no possible foundation in law or morals for such a distinction, and, unless compelled by an unmistakable expression of such an intention, no court would be justified in adopting a construction that would give it recognition." See *United States v. Corbett,* 215 U. S. 233, 54 L. ed. —, 30 Sup. Ct. Rep. 81.

Sec. 834, in terms, comprehends the officers of all unincorporated associations, without distinction, and declares the wrongful conversion of property coming into their possession by virtue of their office to constitute embezzlement; and it would be a reproach to the administration of the law to read into it an unreasonable and technical exception that would avoid its salutary operation in the case of those officers who are at the same time members of the association whose trust has been betrayed. Statutes of some other jurisdictions similar to, but not identical with, sec. 834, have been given a like construction, in the following well-considered cases: *State* v. *Kusnick,* 45 Ohio St. 535–541, 4 Am. St. Rep. 564, 15 N. E. 481; *State* v. *Campbell,* 59 Kan. 246–249, 52 Pac. 454; *Laycock* v. *State,* 136 Ind. 217, 36 N. E. 137.

The charge of the trial court was a correct statement of the law in application to the evidence, and the judgment will therefore be affirmed.                                        *Affirmed.*