JOHN McMILLAN et al., respondents,

*v.*

LOUIS KUEHNLE et al., appellants.

[Argued June 27th, 1910.   Decided November 14th, 1910.]

1. On a bill by two citizens for injunction against the special nuisance to their respective dwelling-houses caused by the noises of the crowds who attended Sunday baseball games in a park close by, the affidavits of others, not parties to the litigation, showing annoyance to their homes by the noises complained of, are without special weight in determining the propriety of preliminary injunction, as such bill is not filed on behalf of the public to restrain a public nuisance.

2. A preliminary injunction ought not to be ordered unless from the pressure of an urgent necessity, and unless the injury or damage to be prevented, during the pendency of the suit, is in an equitable point of view of a character to cause irreparable injury.

3. Complainants, whose dwelling-houses were near a baseball park, filed a bill to restrain defendant from holding baseball games on Sundays, and filed affidavits to show that their peace and quiet on Sundays were disturbed by the noises of crowds attending the Sunday ball games, and by the confusion made by the crowds in coming to and going from the games.—*Held*, that the rule that a preliminary injunction should not issue unless the injury resulting from the invasion of complainants' rights was irreparable was controlling, and that the disturbance of the peace and quiet of complainants' dwelling-houses on Sunday by noises which on other days are not particularly objectionable to them did not constitute such an irreparable mischief or injury as to require the issuance of a preliminary injunction.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Walker, whose opinion is reported in *76 N. J. Eq. (6 Buch.) 256.*

*Messrs. Bourgeois & Sooy,* for the appellants.

*Messrs. Bleakly & Stockwell,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in this case is taken from an order directing the issuing of a preliminary injunction restraining the playing of Sunday baseball in the city of Atlantic City. The complainants do not seek relief in a court of equity because the playing of such games on Sunday is prohibited by the act for the suppression of vice and immorality (the enforcement of the provisions of which is exclusively the function of other tribunals), but solely upon the ground that the noises made by the patrons of the games in going to and from them, and while they are in progress, "are so frequent, so loud, and of such a nature that they appreciably disturb the peace, quiet and rest of the complainants." The bill is filed by John McMillan and John H. Goldsmith. The residence of the former is about two city blocks from the baseball park; that of the latter about a block and a half. McMillan, in his affidavit annexed to the bill, swears

"that large crowds attend such games, and in going to and returning from said games the loud noises made by the persons in the crowds are an annoyance to myself and to the neighborhood, and a disturbance to the peace and quiet of not only myself but of the neighborhood."

The affidavit of Goldsmith, also annexed to the bill, states

"that the noises of those going to and coming from the games, and made in the park during the progress of the games, are all very annoying to myself and family, and disturb the peace and quietness of the neighborhood during the said time."

An affidavit was also made by the wife of Goldsmith, and annexed to the bill. In it the affiant states

"that she has been greatly annoyed in her home, and her peace and comfort greatly disturbed, by the noises and confusion made by those going to the ball games and by those returning from said games, and by the cheering and screaming and yelling and hooting, and stamping of feet on the boards, by those within the park attending said games; that

previous to the playing of these ball games on Sunday our Sundays were such that we could enjoy the peace and quiet and comfort of our home, but since these games have been carried on there has been no such peace and comfort as formerly."

Affidavits made by others, who are not parties to the litigation, are annexed to the bill, and show that the affiants, as well as the complainants and their families, are interfered with in the enjoyment of the peace and quiet of their homes by the noises complained of. These affidavits, however, are of no special value in determining the propriety of the order appealed from, for the bill is not filed on behalf of the public to restrain a public nuisance, but by two citizens to obtain relief by injunction against the special nuisance to their respective dwelling-houses caused by the noises of the crowds which attend these Sunday games.

We think the bill and affidavits of the complainants do not make out a case which entitles them to a preliminary injunction. Such a writ ought never to be ordered unless from the pressure of an urgent necessity. The damage which it is legitimate to prevent, during the pendency of a suit, must be, in an equitable point of view, of an irreparable character. So this court declared in the case of *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. (2 Stew.) 299, 303,* in setting aside an order for a preliminary injunction granted by the chancellor to restrain the unlawful use by the coach company of the tracks of the horse railroad company, to the injury of the latter both in the conduct of its business and in its profits. The importance of observing this rule is pointed out by this court in the later case of *Hagerty* v. *Lee, 45 N. J. Eq. (18 Stew.) 255,* in affirming an order of the chancellor refusing a preliminary injunction to restrain the defendant from erecting a building which would close up certain windows in the complainant's dwelling. We there said: "It is impossible to emphasize too strongly the rule so often enforced by this court that a preliminary injunction will not be allowed when the injury which may result from the invasion of the complainant's right is not irreparable." To say that the disturbance of the peace and quiet of the complain-

ants on Sunday, by noises which, when they occur upon other days, are not particularly objectionable to them, so far as their bill and affidavits disclose, constitutes an irreparable mischief, would be, in the language of the opinion in the *Citizens Coach Co. Case,* "mere hyperbole." It is not necessary now to consider whether the disturbance of the complainants' rights is of such a character as to entitle them to an injunction upon a final hearing of the cause. If this be conceded, the injury complained of is not so substantial as to warrant the issuing of a preliminary writ.

It is suggested that the rule to which we have called attention is not applicable in cases where the relief sought is the protection of a person's dwelling-house against nuisances which render it uncomfortable, and *Cronin* v. *Bloemecke, 58 N. J. Eq. (13 Dick.) 313,* is referred to as an authority for the proposition. The cited case does not, as we read it, so hold. It was, in many respects, similar to that now under consideration, being an application for a preliminary injunction to restrain the playing of Sunday baseball, made by a person who claimed that the peace and quiet of his home was disturbed thereby. The application was heard on bill and affidavits, and answer and affidavits. The only reference to the case of *Citizens Coach Co.* v. *Camden Horse Railroad Co.* appearing in the opinion of the court is contained in the following excerpt: "It is objected that, inasmuch as the fact of nuisance is disputed, complainant is not, under the rule settled in the *Coach Co. Case, 2 Stew. 299,* entitled to a preliminary injunction pending the hearing. But the jurisdiction of a court of equity in relation to protection of one's dwelling-house, against nuisances which render it uncomfortable, stands upon a different basis from the kind of injury considered in the *Coach Co. Case,* and this right is one which has been constantly protected in this court by preliminary injunction, in a proper case, even when the existence of the nuisance is disputed." By a reference to the opinion of Chief-Justice Beasley in the *Coach Co. Case* it will be seen that, by the allowance of a preliminary injunction in that case, three rules belonging to the subject were considered to have been violated. The first was that which has already been recited. The second

was that, when the right on which the complainant founds his claim is, as a matter of law, unsettled, the writ will not be ordered. The third was that *"subject to but a few exceptions,* if the facts constituting the claim of the complainant for the immediate interposition of the court are controverted, under oath, by the defendant, the court will not interfere at the initial stage of the cause." Bearing in mind that the appeal of counsel in the *Cronin Case* to the protection of the rule laid down in the *Coach Co. Case* was rested upon the ground that *the fact of nuisance was disputed,* and that the conclusion of the learned vice-chancellor who heard the application was that, where the nuisance rendered the complainant's dwelling-house uncomfortable, the case was not within the rule appealed to by defendant's counsel, it seems quite evident that the rule which both court and counsel had in mind was the last and not the first of the three referred to in Chief-Justice Beasley's opinion. And this is made plainer by the fact that both the court of chancery and this court had already decided, in *Haggerty* v. *Lee, supra,* that the first of these rules was controlling when the issuing of the preliminary writ was sought for the protection of the complainant's dwelling-house against a tortious act which produced discomfort to its occupants; for it is hardly to be supposed that the binding force of this decision would have been overlooked by the learned vice-chancellor. The probability is that counsel on both sides assumed that the interference with the Sunday peace and quiet of the complainant, in his home, constituted, in an equitable point of view, an irreparable injury, and that this phase of the case was neither suggested to nor considered by the court.

In our opinion the rule that a preliminary injunction will not be allowed when the injury, resulting from the invasion of the complainant's right is not irreparable, is equally controlling where the writ is sought for the protection of one's dwelling-house against nuisances which render it uncomfortable, as where it is sought for the protection of his other personal or property rights.

The order under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON—11.