Bennett Film Laboratories is a corporation of the State of California, which, for convenience, will be hereafter referred to as Bennett. Elasticap Company is a corporation of the State of New Jersey, conducting a storage warehouse in the city of Hoboken, wherein Bennett stored eight film developing machines. The matter is now before the court on the return of an order requiring defendants to show cause why "an order should not be entered directing the immediate delivery of said eight machines to complainant." Complainant claims to be the owner of said machines and entitled to the immediate possession thereof. Paragraph 9 of the bill of complaint, and affidavits annexed thereto, manifest that complainant's claim is controverted by Bennett. No case *Page 110 
whatever is made or urged against Elasticap Company. Complainant avers that said machines were manufactured for it by Bennett pursuant to and under certain inventions and improvements of one Frederick B. Thompson relating to machines, devices and/or apparatus for treating and/or processing and/or developing and/or printing motion picture films for which letters patent of the United States and foreign countries were issued to the said Frederick B. Thompson, under agreements alleged to have been entered into between complainant and Chester Bennett FilmLaboratories, a corporation of the State of California, of which Bennett is alleged to be the successor. The bill avers that complainant, relying upon said agreements, and anticipating delivery of said machines to it, entered into an agreement of lease with Paramount-Famous-Lasky Corporation, for six of said machines, and entered into an agreement of lease with H.E.R. Laboratories, Incorporated, for two of said machines; that if said machines be not delivered by Bennett immediately
complainant will suffer irreparable damage; that the non-delivery of said machines by Bennett to complainant constitutes a fraud upon complainant and is the result of a conspiracy entered into between Bennett and other interests mentioned in paragraph 14 of the bill. The facts constituting the alleged fraud and conspiracy are not stated in the bill. Equity pleading requires that such allegations must be stated with sufficient particularity to enable the person charged to deny and disprove or explain them.Chancery Rule 46; Davis v. Davis, 55 N.J. Eq. 37. Complainant further avers that said machines are of such special design and manufacture that it would be impossible for it to have like machines constructed elsewhere for a long period of time; that said machines are complicated and require considerable time in construction; that the material constituting said machines is of large and heavy bulk, weighing upwards of seventy thousand pounds; that unless the removal of said machines and their equipment from the warehouse of the Elasticap Company is restrained and enjoined pending the determination of this suit Bennett will remove said machines and take them out *Page 111 
of the jurisdiction of the State of New Jersey and to some place unknown to complainant so that complainant will be unable to replevin said machines or take any other action in respect thereto; that the only claim that Bennett may have with respect to said machines is for the payment of the manufacturing cost thereof, plus cost of installation if installed by it. Complainant further avers that the sum of $10,000 was given on or about February 12th, 1929, in part payment for the manufacture of said machines. Affidavits and "Exhibit D" which are made part of the bill of complaint indicate that said sum was given to Chester Bennett Film Laboratories. Complainant further avers that the balance owing for the manufacture of said machines has been tendered to Bennett, and tenders itself able, ready and willing to file with this court a bond with sufficient surety to insure the payment of such amount as may be found due to Bennett upon the court directing the said machines to be immediately delivered to complainant so that complainant may fulfill its obligation with its aforesaid lessee. The bill, and affidavits annexed thereto, show that the complainant, shortly before filing its bill of complaint herein, instituted a replevin suit in the Hudson county circuit court against both of the defendants named therein, and, notwithstanding the value of said machines is approximately $54,000, it caused to be delivered to the sheriff of the county of Hudson a bond in the sum of $1,200,000; that said sheriff, under and by virtue of a writ of replevin issued and directed to him, took possession of said machines, and within twenty-four hours thereafter Bennett, pursuant to statutory authority therefor, repossessed itself of said machines by rebonding in like sum. The circuit court, in the aforesaid replevin suit, will doubtless determine the right of property in said machines, and the right of possession thereto, and if the allegations of complainant are reliable, it is reasonable to assume that it will prevail in its replevin suit, be awarded possession of said machines, or, in lieu thereof, at its option, be entitled to have an assessment of the value of the machines as well as damages for detention thereof, and judgment therefor. The bond *Page 112 
of $1,200,000 filed by Bennett is more than ample to satisfy such judgment as may be entered in said suit. In view thereof, and also the fact manifested by complainant's bill that complainant may have other such machines manufactured and delivered to it in lieu of the machines now in question, even though it will require a long period of time to accomplish same, I fail to appreciate wherein complainant may justify its claim of irreparable injury
— a prerequisite to the issue of a preliminary injunction. Bennett has not been served with a subpoena ad respondendum, has not filed an answer to the complainant's bill, nor has it voluntarily appeared in this suit. This court has not merely by means of complainant filing its aforesaid bill obtained jurisdiction over Bennett so as to warrant the court in making a valid order or decree against it in the premises; nor would the court be warranted, upon complainant's present showing, in making an order or decree affecting title or possession to the machines in question. Bennett has responded to the aforesaid order to show cause why an order should not be entered directing the immediate delivery of said machines to complainant (served without the state upon one alleged to be an agent or representative of Bennett) merely for the purpose of objecting to the court's jurisdiction over it, and, with leave of the court, has filed a special appearance to contest such question of jurisdiction. It is proper practice to make an ex parte application or file a petition for leave to appear specially to contest the jurisdiction of the court. Hervey v. Hervey, 56 N.J. Eq. 166,182; Wilson v. American Palace Car Co., 65 N.J. Eq. 730; Groel
v. United Electric Co., 68 N.J. Eq. 249; Puster v. ParkerMercantile Co., 70 N.J. Eq. 771; Allman v. United Brotherhoodof Carpenters, 79 N.J. Eq. 150, 154; affirmed, Ibid. 641. The complainant, upon its bill and proofs in the matter sub judice
cannot prevail in its application for an injunction in limine, notwithstanding no proofs are before the court in behalf of the defendants. It is a well-established principle of equity that where there are conflicting rights to the possession of property the court will not in the inception of the case grant an injunction the effect *Page 113 
of which would be to award possession and thus determine the merits of the controversy between the parties upon an ex parte
application. It is well settled that whenever a complainant's case is doubtful on the law or the facts a preliminary injunction will not issue. To justify the issuing of a preliminary injunction the case made by the complainant must exhibit a right free from doubt or reasonable dispute. To doubt is to deny.Allman v. United Brotherhood of Carpenters, supra (at p.155, bottom); Roberts v. Scull, 58 N.J. Eq. 396. The object of a preliminary injunction is to preserve the subject-matter in controversy, without determining any question of right, and, "it cannot be used for the purpose of taking property out of the possession of one party and putting it into the possession of another." 1 High Inj. (4th ed.) § 4; 1 Beach Inj. § 112.
And being largely a preventive remedy injunction will not ordinarily be granted where the parties are in disagreement concerning their legal rights, until the right is established at law. 1 High Inj. (4th ed.) § 8. To grant the injunction now sought by complainant would be giving to the complainant the full measure of relief to which it may be entitled on final hearing, and courts do not ordinarily grant such in limine. It bas been repeatedly held that a preliminary injunction should not be awarded unless from the pressure of urgent necessity, and unless also the injury to be prevented pendente lite will be irreparable. Aldrich v. Union Bag and Paper Co., 81 N.J. Eq. 244,247, 248; McMillan v. Kuehnle, 78 N.J. Eq. 251; NationalDocks, c., Railway Co. v. Pennsylvania Railroad Co., 54 N.J. Eq. 10.
As indicated by Chancellor Walker in Aldrich v. UnionBag and Paper Co., supra, this court was admonished by the court of errors and appeals in McMillan v. Kuehnle, supra, not to award preliminary injunctions except to prevent irreparable injury. In Citizens Coach Co. v. Camden Horse Railroad Co.,29 N.J. Eq. 299 (at p. 303), it is said: "And in the leading case of Bonaparte v. Camden and Amboy Railroad Co., Bald. C.C. 205,217, the cautionary words of Judge Baldwin are equally emphatic against a too frequent resort to this writ." He says: "There is no power, the exercise *Page 114 
of which is more delicate, which requires greater caution, deliberation and sound discretion, and which is more dangerous in a doubtful case than the issuing of an injunction. It is the strong arm of equity that never ought to be extended unless incases of great injury, where the courts of law cannot afford an adequate or commensurate remedy in damages." Counsel for complainant stated, in argument, he appreciated that the relief sought in limine would be tantamount to a mandatory injunction. I am convinced that no such relief should be granted in the matter sub judice. It is rarely granted before final hearing, or before the parties have had full opportunity to plead all the facts in such a manner as will enable the court to see and judge what the truth may be. It is always granted cautiously, and is strictly confined to cases where the remedy at law is inadequate. A preliminary mandatory injunction will be ordered only in cases of extreme necessity. Bailey v. Schnitzius, 45 N.J. Eq. 178;Jersey City v. Coppinger, 101 N.J. Eq. 185; McCran v. PublicService Railway Co., 95 N.J. Eq. 22, 27, 28; Wakeman v. NewYork, Lake Erie and Western Railroad Co., 35 N.J. Eq. 496;Citizens Coach Co. v. Camden Horse Railroad Co., supra. That there may be instances in which the court may grant a mandatory injunction, after preliminary hearing, even though that may be the whole relief sought in the case, is indicated by the opinion of Chancellor McGill in National Docks, c., Railway Co. v.Pennsylvania Railroad Co., 54 N.J. Eq. 10 (at p. 16). Courts of equity will not, in general, decree the specific performance of contracts for the sale of personal property. Kimball v.Morton, 5 N.J. Eq. 26; 25 R.C.L. 293 § 103. Aside from other considerations the contracts alleged by complainant as binding upon and breached by Bennett will have to be clearly established by proofs, upon final hearing, to warrant specific performance thereof. It may be ascertained at final hearing that the agreements alleged and relied upon by complainant indicate that the machines in question were to be manufactured and delivered to complainant for a specific purpose, and that such a purpose can only be answered by the delivery of the specific machines. In *Page 115 
such event the court may, in the exercise of its discretion, require specific performance. The complainant, under its bill, may on final hearing establish proofs satisfactorily evidencing to the court that a judgment for damages, in a suit at law, would fall short of the redress which complainant's situation demands — for instance, that by Bennett's non-performance, complainant will be greatly embarrassed in its business plans, or involved in a loss of profits which a jury cannot estimate with any degree of certainty — therefore warranting the court, in its discretion, to decree specific performance of the agreements in question, but the facts thus far shown do not bring the case sub judice
within the exception to the general rule above stated. I am not unmindful that a court of equity may compel the delivery of a specific chattel wrongfully withheld, notwithstanding replevin or trover may lie therefor, but only in cases where damages would be an inadequate redress for the injury, for instance, as in the case of heirlooms, and other articles incapable of being replaced, which are prized for their associations rather than for intrinsic value. Burr v. Bloomsburg, 101 N.J. Eq. 615. I do not regard the case sub judice to be one warranting the court to resort to such extreme.
I am of the opinion that the preliminary injunction sought by the complainant should be denied, and that the order to show cause heretofore issued be dismissed. *Page 116