The above stated matter is now before the court on petitions of defendants Big U Film Exchange, Incorporated, and Columbia Pictures Corporation for leave to file special appearance to contest the court's jurisdiction over them. I am of the opinion that the petitioners' applications should be granted, and I will advise orders accordingly. The proofs herein show that the defendants Big U Film Exchange, Incorporated, and Columbia Pictures Corporation are foreign corporations which have no office, agent or place of business *Page 513 
within this state. The process (order to show cause) issued herein, which was directed against said defendants and others, was not served within this state. Service is alleged to have been made in New York. I deem it unnecessary to comment upon the manner of service in New York inasmuch as it is manifest from the proofs submitted that the service was insufficient to confer jurisdiction upon this court over said defendants. The defendants do not question the jurisdiction of this court over the subject-matter of the complainant's bill; they merely deny the jurisdiction of the court over the defendants as corporate bodies. I am of the opinion that said defendants have a clear right to question the jurisdiction of this court over them, and to demand, in limine, the judgment of the court as to whether they should answer the bill of complaint or the order to show cause issued thereunder. Wilson v. American Palace Car Co.,65 N.J. Eq. 730; Puster v. Parker Mercantile Co., 70 N.J. Eq. 771.
In Spoor-Thompson Machine Co. v. Bennett FilmLaboratories, 105 N.J. Eq. 108, 112, I held: "It is proper practice to make an ex parte application or file a petition for leave to appear specially to contest the jurisdiction of the court."