Upon appropriate application therefor an order was made granting leave to the defendant Lighter Captains' Union of the Port of New York and Vicinity, Local 996, International Longshoremen's Association, to appear specially herein to interpose objection to the court's jurisdiction over said defendant. Motion is made not only to set aside the service of process but also to dismiss the bill of complaint as to said defendant. It is proper practice to apply ex parte or file a *Page 449 
petition for leave to appear specially to contest the jurisdiction of the court. The defendant has a clear right to demand in limine the judgment of the court as to whether it should answer the complainants' bill. Fraxam Amusement Corp. v.Skouras Theatre Corp., 113 N.J. Eq. 512; Wilson v. AmericanPalace Car Co., 65 N.J. Eq. 730; Puster v. Parker MercantileCo., 70 N.J. Eq. 771; Spoor-Thompson Machine Co. v. BennettFilm Laboratories, c., Co., 105 N.J. Eq. 108, 112. The defendant New York Central Railroad Company, has already filed its answer to complainants' bill. Counsel for the defendant association concedes that numerous members, including some of its officers and its business agent, are residents of New Jersey. Subpoena ad respondendum issued in the above entitled cause was served by the sheriff of the county of Hudson on Howard Forbes, business agent of said defendant, at his residence in Union City. It is conceded herein that business agent is one of the officers provided for in defendant's constitution and by-laws. The bill of complaint manifests that the defendant association carries on its business in New Jersey as well as in New York. Counsel for said defendant urged in argument that the court was without jurisdiction for the reasons (1) that defendant is a New York unincorporated association; (2) that defendant, which is an unincorporated trade union association, cannot be sued in this court. Both reasons are without merit. I am of the opinion that said defendant may be sued in this court in its established name and that by the service of process upon its business agent, as above stated, this court has acquired jurisdiction of said defendant to require it to answer the complainants' bill. Counsel for the defendant association does not dispute that unincorporated trade union associations are sueable at law in their established name, but he urges that such suits are so maintainable only because authorized by statute. He urges that chapter 156 of the laws of 1925, entitled "A supplement to an act entitled `An act respecting the court of chancery (Revision of 1902),'" which provides that unincorporated organizations consisting of seven or more persons and having a recognized name may be sued in such *Page 450 
name in any suit affecting the common property, rights and liabilities of such organization, and provides also that service of process may be made on the president or any other officer for the time being or the agent or manager or person in charge of the business of the organization, is inapplicable to the instant case. Whether said act is applicable or inapplicable is of inconsequence in the matter sub judice because it is merely apermissive act. There is no statute that I am aware of which provides that an unincorporated trade union association cannot be sued in this court in its established name. Our equity reports manifest instances too numerous to mention herein wherein such class of associations were sued in their established name. The instances in which such suits were tacitly recognized as proper by this court must be regarded as having established indisputable precedents. Vice-Chancellor Bigelow so concluded in the recent case of Harris v. Geier, 112 N.J. Eq. 99, wherein he stated: "There are a large number of equity decisions in which an unincorporated trade union by name has been made a defendant and these precedents establish that such a course is proper." In view of this court's recognition for many years past of suits against unincorporated trade union associations in their established name, to now hold that such suits are not maintainable because of the absence of a statute authorizing same, especially in view of the activities within the past few years, and particularly at the present time, of organizers, business agents, delegates, strike agitators, and the like, purporting to represent such associations, in fomenting labor troubles between employers and employes, and for redress as to which by way of injunction or otherwise parties alleging themselves to be aggrieved have been accustomed to resort to this court as occasion required, would subject such parties to dire results from pernicious activities by such associations and their representatives. The order for special appearance herein by the defendant association was made conditional that if service of process of subpoena was deemed sufficient said defendant would submit without further process to answer the bill of complaint and obey any orders made by the court in the cause. The solicitor *Page 451 
of the defendant affixed his consent thereto as follows: "I consent to the above order and to the conditions thereof and in behalf of the defendant agree to be bound thereby." I will advise an order in accordance with the conclusions hereinabove expressed. Complainants' solicitors shall cause a copy of said order to be served upon the solicitor of the defendant association, and said defendant shall file its answer to complainants' bill within ten days from the date of such service. *Page 452