By leave of the court, the defendant Theatrical Managers, Agents and Treasurers Union appears specially and moves to set aside service of an order to show cause.
Complainant is in the business of conducting professional baseball games between players employed by it and teams of other clubs. Its home grounds are in Newark. A year ago some of its ticket sellers, who are members of the Union, went on strike and since then on days of games the strikers or their associates have picketed the ball park. The complainant filed its bill early this month to restrain such picketing and named as defendants the Union and seven of its members; six of them have been doing the actual picketing, and the seventh is an officer of the Union. Upon the filing of the bill, the defendants were ordered to show cause "why they, and each of them, and all persons acting in concert with them, or aiding or abetting them, should not be" restrained pendente lite. The order directed that service be made upon the Union "by serving the same on one of its officers."
The Union is an unincorporated association. While it has, in union parlance, jurisdiction throughout the United States, it is not divided into local bodies as are most unions. The Union has headquarters in New York City and has no office at all in New Jersey.
Service of a copy of the order to show cause was made at the Union office in New York on James J. Murphy, secretary-treasurer of the Union and on Charles P. Carroll, who is an individual defendant and is manager of the Union's motion picture department. Service was made on the other six defendants in Newark.
Our statute relating to suits against unincorporated associations does not apply to suits in chancery against a "fraternal, charitable or other organization, not organized for pecuniary profit." R.S. 2:78-6. In my opinion, a labor union is within the exception and hence the statute does not govern this cause. While an important object of a union is to aid its members to find employment and to earn larger wages, still it is not organized for pecuniary profit within the *Page 577 
meaning of the statute. The profit intended by the legislature is one obtained by the association collectively and not the profit which a member earns by his own labor. Somewhat in point areRhode v. United States, 34 App. D.C. 249; St. Paul Typothetae
v. Union No. 37 (Minn.), 102 N.W. Rep. 725; Laycock v.State (Ind.), 36 N.E. Rep. 137; Local Union v. Barrett
(R.I.), 36 Atl. Rep. 5.
Independently of statute, chancery has long assumed jurisdiction of suits instituted against labor unions by their common name. Baldwin Lumber Co. v. Local No. 560,International Brotherhood, c., 91 N.J. Eq. 240, 247; Harris v.Geier, 112 N.J. Eq. 99; Unkovich v. New York Central RailroadCo., 114 N.J. Eq. 448. The United States supreme court has held that even an action for damages lies against a labor union, though not expressly authorized by statute. United Mine Workers
v. Coronado Coal Co., 259 U.S. 344; 42 Sup. Ct. 570.
In many jurisdictions in the absence of statute, it is held that a suit does not lie against a union by name, but that in equity a number of members may be made parties defendant as representatives of the union. Such a suit is entertained on the theory that when a reasonable number of members are joined, the matter will be brought to the attention of the governing body, and the union collectively will have opportunity to defend. IronMoulders Union v. Allis-Chalmers Co., 91 C.C.A. 631;166 Fed. Rep. 45; American Federation of Labor v. Buck's Stove, c.,Co., 33 App. D.C. 83; 32 L.R.A. (N.S.) 748, 763; Wolf v.Limestone Council (Pa.). 82 Atl. Rep. 499; Oster v.Brotherhood (Pa.), 114 Atl. Rep. 377; Pickett v. Walsh
(Mass.), 78 N.E. Rep. 753; 6 L.R.A. (N.S.) 1067; Donovan
v. Danielson (Mass.), 138 N.E. Rep. 811; St. Germain v.Bakery Union (Wash.), 166 Pac. Rep. 665; L.R.A.1917 Fed. Rep. 824; Branson v. Industrial Workers (Nev.),95 Fed. Rep. 354. The same result accrues from this method of procedure and from a suit against the union by name. An injunction binds all officers and members of the union at least as soon as they have knowledge of it, and if costs be adjudged against the defendants, it seems the common property of the members is liable. *Page 578 
In the absence of statute prescribing service, the court is guided by general principles. When a foreign association or corporation engages in activities in this state, it subjects itself to the jurisdiction of the courts of this state in controversies growing out of such activities. Moulin v.Trenton Mutual Life and Fire Insurance Co., 24 N.J. Law 222. A prerequisite to the exercise of jurisdiction in an action inpersonam is notice sufficient to give the association reasonable opportunity to appear and defend. The notice or process must be given within the state for our courts have no authority to reach beyond our borders for the purpose of bringing litigants before them. Elgart v. Mintz, 123 N.J. Eq. 404. The person to whom the notice is actually given, whether called officer or agent, must bear such a relation to the association that presumably the notice will promptly reach the governing body of the association or those who are authorized to act for the association in the litigation. Dock v. Elizabethtown Steam Manufacturing Co.,34 N.J. Law 312. The agent within this state in charge of the business which gives rise to the controversy is considered so to represent the association that suit against the association may be instituted by service upon him. Norton v. Berlin IronBridge Co., 51 N.J. Law 442; Saunders v. Adams Express Co.,71 N.J. Law 520.
The business or activity of the defendant union from which springs this litigation, is the picketing. There does not appear to be any officer or "chief picket" or person in this state, other than the pickets themselves, in charge of this activity. The pickets are agents of the Union for the purpose of service of process. Furthermore, these pickets are members of the Union, who may be considered representatives of the Union under the rule developed in those states where suits against the union by name is not permitted.
The order to show cause, however, required service on the Union to be made by serving one of its officers. The only persons served, who were officers of the Union, were served in New York. That service was ineffectual. So the direction of the order has not been fulfilled. Service on the Union will be quashed. *Page 579