The complainant, a resident of Bergen County in this state, filed a bill of complaint wherein he names as defendants The International Alliance of Theatrical Stage Employees and *Page 562 
Moving Picture Machine Operators of the United States and Canada (hereinafter referred to as International) and Local 642 (hereinafter called Local), a branch of the International. The question before me arises on motion of the International to set aside service of process of subpoena as insufficient as to it. The sheriff's return of service is that he served the International by serving the subpoena on James J. Brennan, fourth vice-president, at his place of abode in Bergen County.
For the purpose of the motion the relevant allegations of the bill may be stated as follows. For 17 years complainant has earned a livelihood as a motion picture machine operator and is unable to earn a living in any other occupation. The defendant International is an unincorporated voluntary association, of which Local 642 is a subordinate branch embodying the membership of the International in Bergen County. From 1932 complainant, although not a member of International, has had employment in a certain moving picture theatre in Bergen County with the consent of the International and the Local up to June, 1945, since which time he has been unable to obtain any work because of the refusal of certain officials of the Local to issue a permit to him. Although desirous of becoming a member of the International and the Local, complainant's desire was thwarted by unlawful acts of officials of the Local, and on his appeal to the International for relief he was referred back to the Local. The bill prays that the Local be decreed to accept an application for membership from complainant and approve it; that the International be decreed to "approve and process in the customary manner" his application for membership in the International; that the Local be decreed to recommend and send complainant as operator to the theatre where complainant had been employed, and that the Local and the International be decreed to pay complainant his damages suffered by reason of the acts aforesaid.
On the return of the motion, affidavits on behalf of the International and complainant were read; Brennan, the official of the International on whom subpoena was served, appeared and testified in open court, and the constitution of *Page 563 
the International was received in evidence. The sworn proofs show that the International is a labor organization, its principal and only office or place of business being in New York City and that Brennan is its fourth vice-president; that it has Locals in various states of the United States each Local being a unit of the International and that there are twenty or thirty of such Locals in New Jersey, including Local 642, holding charters from it, the autonomy of each Local being limited by the International constitution, to which Locals must conform as well as to the directions of the International convention on matters of policy; that Local 642 pays a per capita tax to International for each of its members, which tax is collected by the Local and forwarded to International in New York City; that International renders assistance to its Locals whenever requested, by sending its representative into the State; that on one occasion it appointed Brennan to assist Local 642 in conducting an arbitration hearing in which that Local was involved; that he also assisted two other Locals in this state in negotiations for a contract, and that there have been occasions when International has revoked the autonomy of a Local of this state and appointed an administrator of the Local.
The constitution of the International declares the purpose of the International to be to achieve by organization and mutual endeavor the improvement of the social and economic conditions of workers engaged in the theatrical and moving picture industries of the United States and Canada through unity of action, its membership to be composed of members of Locals holding charters from the International. (Article 1, sections 2 and 3.) The constitution is declared to be the supreme law of its members and of each Local (article 2, sections 1 and 4) and Locals hold their charters only on condition that they recognize the supreme jurisdiction of the International and accept its constitution as its fundamental law, reserving no right of self-government inconsistent with the constitution (article 18, section 8). Thus, through the constitution a centralized supervision and control of its members and Locals is maintained by International, as illustrated *Page 564 
by Cameron v. International, c., 118 N.J. Eq. 11; Ibid.,119 N.J. Eq. 577; Collins v. International, c., 119 N.J. Eq. 230;Walsh v. International, c., 22 N.J. Mis. R. 161; affirmed,136 N.J. Eq. 115. The constitution authorizes the following activities (among others) in which the International and its officers claim the right to engage in dealing with and affecting the affairs of Locals established in this state and their membership. The International president may try charges against members in certain cases and also charges against Locals, and he is empowered to interpret the International constitution and his decisions are binding on members and Locals. He may order any Local to exhibit its books and records to him for examination, order members to refrain from rendering service to theatrical attractions in certain cases, and suspend or revoke a Local's charter. (Article 7, sections 5, 6, 9, 10, 16.) Locals are required to forward to the International secretary-treasurer reports on printed forms supplied by that official of admissions, suspensions and expulsion of members, and in case any Local should dissolve or be expelled the secretary-treasurer may take possession of its property and administer it. (Article 9, sections 1 f and 8.) The right of a Local to execute contracts with employers regulating conditions of employment of its members is strictly defined, every contract is required to be on an official form supplied by the International and any contract entered into by a Local with any employer designated as unfair by the International is declared void. (Article 19, section 15.) These are a few of the many instances to be found in the constitution which authorize the International to engage in activities in this state by regulating or supervising the operation of the constituent Locals to which it has granted charters to do the business here in which the International is so vitally concerned.
The existence of the International as an organization depends on its several units or agencies called Locals which are created by and co-ordinated under the government of the International and through whom and the membership whereof the International has being and acts in the achievement of *Page 565 
its and their stated objects. I am of the opinion that an association which grants rights and imposes duties on its individual members wherever located and which claims every state of the Union as its field of operation through the establishment in those states of component parts of its organization, by which units or agencies it engages in activities designed to further the objects for which it was organized, which objects can be achieved only through the operation of its units, should be regarded as voluntarily submitting itself to the jurisdiction of those states when duly served with process and should not be permitted to say that it is amenable only to the courts of the state in which it maintains its headquarters.
The International has a distinct and material interest in the cause of action stated in the bill and it should be brought into court and afforded the opportunity to be heard on the merits of the cause of action. It may be that the statute (R.S. 2:78-1
and 6) was not intended to authorize suits in this court against a labor union; nevertheless, and in the absence of statute, it seems to be settled in this state that Chancery may acquire jurisdiction of a suit against such an unincorporated association. Baldwin Lumber Co. v. Local 560, c., 91 N.J. Eq. 240; Harris v. Geier, 112 N.J. Eq. 99; Unkovich v. New YorkCentral Railroad Co., 114 N.J. Eq. 448; Newark, c., Inc., v.Theatrical Managers, c., Union, 125 N.J. Eq. 575. Since there seems to be no statute prescribing the method of service of process on a foreign association engaged in activities in this state, process served within this state on an officer of the association who bears such relation to the association that it must be presumed notice thereof will promptly reach the governing body of the association, is deemed to be sufficient. GilchristCo. v. Metal Polishers, c., 113 Atl. Rep. 320; Newark, c.,
v. Theatrical Managers, c., supra. I am satisfied that process for the International was duly served on it and the motion to set such service aside is denied. *Page 566