**In re: IBP CONFIDENTIAL BUSINESS DOCUMENTS LITIGATION.**

**IBP, INC., formerly Iowa Beef Processors, Inc., Appellant,**

v.

**Hughes BAGLEY, Appellee.**

No. 83–2093.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1984.

Decided Feb. 13, 1985.

Don H. Reuben, Chicago, Ill., for appellant.

William J. Rawlings and Michael P. Jacobs, Sioux City, Iowa, for appellee.

Before BRIGHT, ARNOLD, and FAGG, Circuit Judges.

PER CURIAM.

IBP, Inc. appeals from a final judgment[1] denying its request for an injunction compelling Hughes Bagley, a former employee, to return certain documents that allegedly belong to IBP and to honor his contractual

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

and fiduciary obligations to IBP. We remand for additional findings and the entry of an appropriate judgment on those findings.

IBP employed Bagley from mid-1971 to mid-1975, first as a consultant and then as the vice president of retail sales development. In July of 1975, Bagley left IBP's employ, taking with him files that he generated while he worked there. The files (hereafter referred to as the Bagley Documents) included materials that he accumulated before, as well as during, his tenure at IBP. Among the documents in the files were IBP's weekly profit and loss statements, monthly reports on production and sales, the president's staff meeting reports, confidential legal memoranda, data concerning customers and their purchasing behavior, and memoranda outlining IBP's goals, marketing strategies, and pricing formulas.

IBP and Bagley, both with the benefit of counsel, subsequently negotiated and executed a settlement agreement, releasing each other from potential liability arising out of their employment relationship and the termination thereof. In that agreement, Bagley agreed not to assist any third party in bringing a lawsuit against IBP.[2]

Despite this provision, Bagley, in late 1976 and early 1977, met with several lawyers who were interested in the potential antitrust ramifications of IBP's activities. In the course of these meetings, Bagley disclosed information about IBP's activities and permitted the attorneys to examine, and in some cases to copy, some of the Bagley Documents.

IBP learned of Bagley's activities in the spring of 1977 and, on June 7, 1977, filed suit in federal district court seeking injunctive relief and damages. IBP alleged that Bagley had breached his fiduciary duty to IBP and violated the express terms of his termination agreement.[3] In June of 1982, IBP dismissed its claim for damages, but continued to seek an injunction compelling Bagley to return the Bagley Documents and to refrain from assisting third parties in litigation against IBP. The district court refused to grant the injunction, concluding that IBP failed to prove irreparable harm and that paragraph 3.2 was void as against public policy.

Bagley left IBP in July of 1975. Since that time, a number of people have perused the Bagley Documents. Representatives of the Packers and Stockyards Administration subpoenaed and examined the documents in the fall of 1975. In late 1976 and early 1977, the lawyers who met with Bagley looked at certain of the documents. When IBP instituted this suit, the boxes containing the documents were made available to all parties for inspection and copying during the first phase of discovery. The Subcommittee on Small Business Administration and Small Business Investment Company Authority and General Small Business Problems of the United States House of Representatives Committee on Small Business subpoenaed the documents in the fall of 1978, and its investigators went through the boxes. Nevertheless, IBP claims that these documents contain trade secrets and other confidential material and that it is entitled to their return.

To resolve this controversy, we need not reach the enforceability of paragraph 3.2 of the settlement agreement because IBP here claims only the documents and does not seek damages for breach of contract

2. Paragraph 3.2 of the settlement agreement provides, in part:
Bagley, for himself and heirs, legal representatives and assigns, covenants with IBP to forever refrain from aiding, abetting or in any way assisting any third person not a party to this agreement in the bringing of any action or the prosecution of any claim or demand of whatever kind or nature against IBP for any matter, fact, circumstance, happening or thing whatsoever occurring or failing to occur from the beginning of the world to the day of the date of these presents.

3. IBP named other defendants in addition to Bagley, claiming, among other things, that they induced Bagley to breach his termination agreement and his fiduciary duty to IBP. IBP dismissed all claims against these other defendants in June of 1982.

against Bagley. Therefore, we turn our attention to IBP's request for the return of the documents. In essence, IBP seeks the remedy of equitable replevin. This type of relief is available in order to:

> compel the delivery of a specific chattel wrongfully withheld, notwithstanding replevin or trover may lie therefor, but only in cases where damages would be an inadequate redress for the injury, for instance, as in the case of heirlooms, and other articles incapable of being replaced, which are prized for their associations rather than for intrinsic value.

*Charles Simkin & Sons, Inc. v. Massiah,* 289 F.2d 26, 29 (3d Cir.1961) (quoting *Spoor-Thompson Machine Co. v. Bennett Film Laboratories,* 105 N.J.Eq. 108, 115, 147 A. 202, 205 (1929)).

The documents in question contain sensitive, confidential information about IBP's internal operations and business strategies. If the documents belong to IBP, they constitute the kind of unique property recoverable in an action for equitable replevin.

In its resolution of the injunction action, the district court never decided who owned the documents in question. Accordingly, we remand to the district court with instructions to determine which, if any, of the documents belong to IBP. The court should then enter an order requiring that Bagley return any such documents as are IBP's property.

We vacate the judgment of the district court and remand for further proceedings consistent with this opinion.